Cristobal Ramos Quiroz
**FULL NAME**
Cristobal Varela
**COMMITTED NAME (if different)**
10400 Rancho Road
**FULL ADDRESS INCLUDING NAME OF INSTITUTION**
Adelanto, ca. 92301
A#028711856
**PRISON NUMBER (if applicable)**
Adelanto, Immigration Detention

```
┌─────────────────────────────┐
│            FILED            │
│  CLERK, U.S. DISTRICT COURT │
│                             │
│        FEB - 3 2020         │
│                             │
│ CENTRAL DISTRICT OF CALIFORNIA │
│ BY                   DEPUTY │
└─────────────────────────────┘
```

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Cristobal Ramos Quiroz
A.K.A. Cristobal Varela

PLAINTIFF,

v.

Immigration/Federal Government
civil action

DEFENDANT(S).

CASE NUMBER **CV20-01087-JAK-SK**

*To be supplied by the Clerk*

**CIVIL RIGHTS COMPLAINT
PURSUANT TO** *(Check one)*

☒ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

## A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☐ Yes ☒ No

2. If your answer to "1." is yes, how many? _____

   Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

   Seeking 20 years compensation
   Wrongfully deported / Wrongfully detained
   Wrongfully incarcerrated

```
┌─────────────────────────────┐
│          RECEIVED           │
│  CLERK, U.S. DISTRICT COURT │
│                             │
│        JAN 3 1 2020         │
│                             │
│ CENTRAL DISTRICT OF CALIFORNIA │
│ BY                   DEPUTY │
└─────────────────────────────┘
```

a. Parties to this previous lawsuit;
Plaintiff _Cristobal Ramos Quiroz A#028711856_
_A.K.A Cristobal Varela_
Defendants _Immigration, Federal Government, Federal_
_Public Defener, Eastern District court of california_
b. Court _San Pedro (T.I) Immigration court_

c. Docket or case number _A#028711856_
d. Name of judge to whom case was assigned _D.D. Sitgraves_
e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it _(granted)_
appealed? Is it still pending?) _Wrongfully deported /motion To: reopened_
f. Issues raised: _Feb. 8, 1999 Petitioner was wrongfully_
_deported,_

g. Approximate date of filing lawsuit: _2017_
h. Approximate date of disposition _____

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred? ☐ Yes ☒No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☐ Yes ☒No

   If your answer is no, explain why not _____

   _____

   _____

3. Is the grievance procedure completed? ☐ Yes ☐ No

   If your answer is no, explain why not _____

   _____

4. Please attach copies of papers related to the grievance procedure.

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff _Cristobal Ramos Quiroz_
(print plaintiff's name)
who presently resides at _10400 Rancho Road, Adelanto, ca. 92301_ _Adelanto Detention center_
(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at
_Adelanto Detention, Adelanto, ca. / San Pedro Immigration court / Wrongfully detain_
(institution/city where violation occurred)

on (date or dates) Feb. 8, 1999 , June 24, 2002 , Oct. 28, 2019
                    (Claim I)        (Claim II)        (Claim III)

**NOTE:**    You need not name more than one defendant or allege more than one claim. If you are naming more than
             five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.  Defendant   D. D. Sitgraves
                (full name of first defendant)
                606 South. Olive St. 8th fl. Los Angeles, Ca. 90019
                (full address of first defendant)
                Immigration Judge
                (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual  ☒ official capacity.

Explain how this defendant was acting under color of law:
The Immigration Judge and the Government violated the following
§1.3 The American court structure, Rule 48

2.  Defendant   Robert W. Rainwater bar No. 67212
                (full name of first defendant)
                2300 Tulare St. suite 330, Fresno, ca 93721
                (full address of first defendant)
                Assistant Federal Defender
                (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual  ☒ official capacity.

Explain how this defendant was acting under color of law:
Abuse of power / underlying deportation

3.  Defendant   Immigration Adelanto
                (full name of first defendant)
                10400 Rancho Road, Adelanto, ca. 92301
                (full address of first defendant)
                Detention center
                (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual  ☒ official capacity.

Explain how this defendant was acting under color of law:
wrongfully detained

4.  Defendant _____ resides or works at
    <u>(full name of first defendant)</u>

    _____
    <u>(full address of first defendant)</u>

    _____
    <u>(defendant's position and title, if any)</u>

    The defendant is sued in his/her (Check one or both): ☐ individual    ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____

5.  Defendant _____ resides or works at
    <u>(full name of first defendant)</u>

    _____
    <u>(full address of first defendant)</u>

    _____
    <u>(defendant's position and title, if any)</u>

    The defendant is sued in his/her (Check one or both): ☐ individual    ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____

**D. CLAIMS***

**CLAIM I**

The following civil right has been violated:

Due process, 5th Amendment, 14th Amendment
violated petitioner; Prohibition Against vague
LAWS: Judgement upon Appeal; § 1258,
§1404

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

Immigration Judge wrongfully deported Petitioner
back in 02/08/1999

Assistant Federal Defender from Eastern
District court from california, Abuse his power.

Wrongfully detained in a Immigration Detention
in Adelanto, ca, from the wrongful deportation
back in 02/08/1999

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

**CIVIL RIGHTS COMPLAINT**

**E. REQUEST FOR RELIEF**

I believe that I am entitled to the following specific relief:

THe Immigration Judge from san Diego sought these
relief; AJustment of status, permanent legal
status, and my Due process

cristobal Ramos Quiroz A.K.A. Cristobal Varela seeks
relief under the "FTCA" For negligence, gross
negligence, and Recklessness relative to the
investigation of his wrongful deportation
constituting False imprisonment (Second)
"cause of Action" False imprisonment upon
his return to the U.S. in 2002 and thereAfter
(3rd cause of Action) Malicious Prosecution on
the charge of unlawful reentry (4th cause of Action)
and intentional infliction of emotional Distress (5th cause
of Action) each investigation the INS undertook
in connection with deportation proceeding.

THe named individuals violated his constitution
rights when they wrongfully deported petitioner

Seeking 20 years compensation

And still detained in A Immigration Detention Center
Adelanto)

01/25/20
(Date)

(Signature of Plaintiff)



**U.S. Department of Justice**
Immigration and Naturalization Service

*865 Fulton Mall*
*Fresno, CA 93721-2816*

MAY 13 2002

MEMORANDUM FOR A File A28 711 856

FROM:   Ronnie Dunkin
        Special Agent
        Fresno, CA

SUBJECT:   Cristobal RAMOS-Quiroz  aka: Critobal VARELA-Quiroz

On May 13, 2002, the right index fingerprint on the I-213 relating to Cristobal
RAMOS-Quiroz that was taken that day. was compared with the right index fingerprint on the
back of Form I-205 dated February 2, 1999, in A file A28 711 856, relating to Cristobal  Quiroz
RAMOS. The Fresno County Sheriff's Department's Technical Service Section conducted the
comparison.  Identification Technician III, Susan Willeford and Identification Technician I, David
Tijerina were both able to determine that both fingerprints had been made by the same Individual.

```
┌─────────────────────────────────────────┐
│   TRANSMISSION VERIFICATION REPORT       │
└─────────────────────────────────────────┘

                        TIME   : 09/13/2018 13:35
                        NAME   :
                        FAX    :
                        TEL    :
                        SER.#  : BROA2J346546


┌──────────────────────────────────────────────────────────────────┐
│                                                                    │
│      DATE,TIME              09/13  13:32                            │
│      FAX NO./NAME           99164642575                            │
│      DURATION              00:02:39                                │
│      PAGE(S)               04                                      │
│      RESULT                OK                                      │
│      MODE                  STANDARD                                │
│                                                                    │
└──────────────────────────────────────────────────────────────────┘
```











# Selective Service System

**Data Management Center | P.O. Box 94638 Palatine, IL 60094-4638**

www.sss.gov

October 29, 2016

**MEMORANDUM FOR REGISTRANT**

**SUBJECT: Online Verification of Your Registration**

This document certifies officially that the below named individual is registered on the date shown with the Selective Service System as required by Section 3 of the Military Selective Service Act (MSSA) -- 50 U.S.C. 3802.

| | |
|---|---|
| **Selective Service Number:** | 68-0027480-2 |
| **Name:** | CRISTOBAL VARELA |
| **Date of Registration:** | 2/14/1986 |

Because you have satisfied the MSSA by registering, you remain eligible for those programs and benefits linked to registration compliance, such as student financial aid, government employment, job training, driver's license in several states, and U.S. citizenship for immigrants, for which you are otherwise qualified.

Thank you for your inquiry. If you have any further questions, please feel free to contact the Data Management Center at the address above. Our telephone number is 847-688-6888 or toll - free: 1-888-655-1825.

**Nicole F. Harris**
**DMC Manager**

50 USC 3802: Registration
Text contains those laws in effect on November 2, 2016

From Title 50-WAR AND NATIONAL DEFENSE
    CHAPTER 49-MILITARY SELECTIVE SERVICE
Jump To:
    Source Credit
    References In Text
    Codification
    Amendments
    Executive Documents

## §3802. Registration

(a) Except as otherwise provided in this chapter it shall be the duty of every male citizen of the United States, and every other male person residing in the United States, who, on the day or days fixed for the first or any subsequent registration, is between the ages of eighteen and twenty-six, to present himself for and submit to registration at such time or times and place or places, and in such manner, as shall be determined by proclamation of the President and by rules and regulations prescribed hereunder. The provisions of this section shall not be applicable to any alien lawfully admitted to the United States as a nonimmigrant under section 1101(a)(15) of title 8, for so long as he continues to maintain a lawful nonimmigrant status in the United States.

(b) Regulations prescribed pursuant to subsection (a) may require that persons presenting themselves for and submitting to registration under this section provide, as part of such registration, such identifying information (including date of birth, address, and social security account number) as such regulations may prescribe.

(June 24, 1948, ch. 625, title I, §3, 62 Stat. 605 ; June 19, 1951, ch. 144, title I, §1(c), 65 Stat. 76 ; Pub. L. 92–129, title I, §101(a)(2), Sept. 28, 1971, 85 Stat. 348 ; Pub. L. 97–86, title IX, §916(a), Dec. 1, 1981, 95 Stat. 1129 .)

### REFERENCES IN TEXT

This chapter, referred to in subsec. (a), was in the original "this title", meaning title I of act June 24, 1948, ch. 625, 62 Stat. 604 , which is classified principally to this chapter. For complete classification of title I to the Code, see Tables.

### CODIFICATION

Section was formerly classified to section 453 of the former Appendix to this title prior to editorial reclassification and renumbering as this section.

### AMENDMENTS

**1981**-Pub. L. 97–86 designated existing provisions as subsec. (a) and added subsec. (b).

**1971**-Pub. L. 92–129 substituted "male person residing in the United States" for "male person now or hereafter in the United States" and inserted provision making section inapplicable to aliens lawfully admitted to the United States as nonimmigrants under section 1101(a)(15) of Title 8 for so long as they maintain lawful nonimmigrant status in the United States.

**1951**-Act June 19, 1951, made all male persons now or hereafter in the United States subject to registration.

### PROC. NO. 4360. TERMINATION OF REGISTRATION PROCEDURES

Proc. No. 4360, Mar. 29, 1975, 40 F.R. 14567, 89 Stat. 1255, provided:

Under authority vested in the President by the Military Selective Service Act (62 Stat. 604), as amended [see References in Text note set out under section 3801 of this title], procedures have been established for the registration of male citizens of the United States and of other male persons who are subject to registration under section 3 of said act, as amended (85 Stat. 348) [50 U.S.C. 3802].

of Lawful Permanent Residence

| | Place |
|---|---|
| | LOS |
| | File No |
| | A 28 711 356 |

**Status as a lawful permanent resident of the United States is accorded:**

| Name In Care Of Street Address Apt. No. te, Zip | Cristobal Quiroz RAMOS 8619 Bandera ST. Los Angeles, CA 90002 | | Sex ☒ Male 2 ☐ Female | Date of Birth (Month/Day/Year) 01-14-68 |
|---|---|---|---|---|
| | | | City of Birth Durango | Country of Birth Mexico |
| | | | Country of Nationality Mexico | Country of Last Residence Mexico |

| l Status 1 ☒ Single 2 ☐ Married dowed 4 ☐ Divorced 5 ☐ Separated | Occupation UNR | N/I Class at time of Adj EWI | Year Adm. to U.S. or Year of Change to Presn NI Class (whichever most recent) 70 |
|---|---|---|---|
| Date (Month/Day/Year) NA | Preference (If any) NA | Country to Which Chargeable (If any) NA | |

| Section 212 (a) (14) Labor Certification | 1 ☐ Applicable-Submitted | 3 ☒ Not Applicable | Mother's First Name Maria Elena | Father's First Name Francisco |
|---|---|---|---|---|

| Last NIV Issued at (U.S. Consulate Post) NA | Date of Issuance of Last NIV NA | Number of Last NIV NA | Classification of Last NIV EWI |
|---|---|---|---|

Under the following provision of law

☐ Public Law 95-412          ☐ Sec. 209 (a) of the I & N Act          ☒ Sec. 249 of the I & N Act          ☐ Other law (Specify)
☐ Public Law 96-212          ☐ Sec. 209 (b) of the I & N Act          ☐ Sec. 1 of the Act of 11/2/66
☐ Private Law No. _____      ☐ Sec. 244 (   )(   ) of the I & N Act    ☐ Sec. 13 of the Act of 9/11/57
   of the ___ Congress ___ Session   ☐ Sec. 245 of the I & N Act       ☐ Sec. 214 (d) of the I & N Act

As of  2  _ _       at       LOS
     (Month)  (Day)  (Year)

Z66 #3          PORT OF ENTRY FOR PERMANENT RESIDENCE

Class of admission (Inser. Symbol) _____

REMARKS

RECOMMENDED BY: (Immigration Officer)          (Date)

DATE
OF
ACTION

DD

9-8-87 esm          DISTRICT

**FOR USE BY VISA CONTROL OFFICE**

Date _____

Foreign State _____

Preference Category _____

Number _____

Month of Issuance _____

Signed _____
        (Visa Office  Dept. of State)

CC: Page 2 Master Index copy sent on _____
CC: Page 3 ADIT and Statistical report copy sent on _____

Form I-181 (Rev. 3-1-82) N

STATE OF CALIFORNIA
CERTIFICATION OF VITAL RECORD

COUNTY OF LOS ANGELES • REGISTRAR-RECORDER/COUNTY CLERK

104 -

**CERTIFICATE OF LIVE BIRTH**
**STATE OF CALIFORNIA**

STATE BIRTH CERTIFICATE NUMBER

18619044939

LOCAL REGISTRATION DISTRICT AND CERTIFICATE NUMBER

| | 1A. NAME OF CHILD—FIRST | 1B. MIDDLE | 1C. LAST |
|---|---|---|---|
| **THIS CHILD** | Cristo | Cristobal | Varela |

| | 2. SEX | 3A. THIS BIRTH, SINGLE, TWIN, ETC. | 3B. IF MULTIPLE, THIS CHILD 1ST, 2ND, ETC. | 4A. DATE OF BIRTH—MONTH, DAY, YEAR | 4B. HOUR—(24 HOUR CLOCK TIME) |
|---|---|---|---|---|---|
| | Male | Single | | April 8, 1986 | 1848 |

| | 5A. PLACE OF BIRTH—NAME OF HOSPITAL OR FACILITY | 5B. STREET ADDRESS (STREET, NUMBER, OR LOCATION) |
|---|---|---|
| **PLACE OF BIRTH** | Saint Francis Medical Center | 3630 E. Imperial Hwy. |

| | 5C. CITY OR TOWN | 5D. COUNTY |
|---|---|---|
| | Lynwood | Los Angeles |

| | 6A. NAME OF FATHER—FIRST | 6B. MIDDLE | 6C. LAST | 7. STATE OF BIRTH | 8. AGE OF FATHER |
|---|---|---|---|---|---|
| **FATHER OF CHILD** | Cristobal | | Varela | CA | 18 |

| | 9A. NAME OF MOTHER—FIRST | 9B. MIDDLE | 9C. LAST (BIRTH NAME) | 10. STATE OF BIRTH | 11. AGE OF MOTHER |
|---|---|---|---|---|---|
| **MOTHER OF CHILD** | Alice | | Rosales | CA | 20 |

| | | 12A. PARENT OR OTHER INFORMANT—SIGNATURE | 12B. RELATIONSHIP TO CHILD | 12C. DATE SIGNED |
|---|---|---|---|---|
| **PARENT'S CERTIFICATION** | I CERTIFY THAT I HAVE REVIEWED THE STATED INFORMATION AND THAT IT IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE | Alice Rosales | Mother | 4-8-86 |

| | | 13A. PHYSICIAN OR OTHER ATTENDANT—SIGNATURE—DEGREE OR TITLE | 13B. LICENSE NUMBER | 13C. DATE SIGNED |
|---|---|---|---|---|
| **ATTENDANT'S CERTIFICATION** | I CERTIFY THAT I ATTENDED THIS BIRTH AND THAT THE CHILD WAS BORN ALIVE AT THE HOUR, DATE AND PLACE STATED | Jomson McMillan, M.D. | C34957 | 9/8/86 |

| | 14. | 13D. TYPED NAME AND ADDRESS |
|---|---|---|
| | | L. McMillan  1704 W. Manchester Blvd. #105  Los Angeles, CA  90044 |

| | 15. DEATH—ENTER DATE OF DEATH | 16. LOCAL REGISTRAR—SIGNATURE | 17. DATE ACCEPTED FOR REGISTRATION |
|---|---|---|---|
| **LOCAL REGISTRAR** | | Robert Mate | JUL 0 3 1986 |

1/28/20

(9)

This is to certify that this document is a true copy of the official record filed with the Registrar-Recorder/County Clerk

SEAL OF THE
EUREKA

Conny B. McCormick

STATE OF CALIFORNIA
CERTIFICATION OF VITAL RECORD

COUNTY OF LOS ANGELES • REGISTRAR-RECORDER/COUNTY CLERK

| 104- | | STATE FILE NUMBER | | CERTIFICATE OF LIVE BIRTH<br>STATE OF CALIFORNIA<br>USE BLACK INK ONLY | | 190 9040817<br>LOCAL REGISTRATION DISTRICT AND CERTIFICATE NUMBER | | |
|---|---|---|---|---|---|---|---|---|
| **THIS CHILD** | 1A. NAME OF CHILD—FIRST (GIVEN)<br>APRIL | | | 1B. MIDDLE<br>ELENA | | 1C. LAST (FAMILY)<br>VARELA | | |
| | 2. SEX<br>FEMALE | 3A. THIS BIRTH, SINGLE, TWIN, ETC.<br>SINGLE | 3B. IF MULTIPLE, THIS CHILD 1ST.<br>— | 4A. DATE OF BIRTH—MONTH, DAY, YEAR<br>APRIL 12, 1990 | | | 4B. HOUR—24 HOUR CLOCK TIME<br>0403 | |
| **PLACE OF BIRTH** | 5A. PLACE OF BIRTH—NAME OF HOSPITAL OR FACILITY<br>ST. FRANCIS MEDICAL CENTER | | | 5B. STREET ADDRESS—STREET, NUMBER, OR LOCATION<br>3630 E. IMPERIAL HWY. | | | | |
| | 5C. CITY<br>LYNWOOD | | | 5D. COUNTY<br>LOS ANGELES | | 5E. PLANNED PLACE OF BIRTH<br>HOSPITAL | | |
| **FATHER OF CHILD** | 6A. NAME OF FATHER—FIRST (GIVEN)<br>CRISTOBAL | | 6B. MIDDLE<br>— | 6C. LAST (FAMILY)<br>VARELA | | 7. STATE OF BIRTH<br>MEXICO | | 8. DATE OF BIRTH<br>UNK |
| **MOTHER OF CHILD** | 9A. NAME OF MOTHER—FIRST (GIVEN)<br>ALICE | | 9B. MIDDLE<br>— | 9C. LAST (MAIDEN)<br>ROSALES | | 10. STATE OF BIRTH<br>CA | | 11. DATE OF BIRTH<br>12/11/65 |
| **PARENT'S CERTIFICATION** | I CERTIFY THAT I HAVE REVIEWED THE STATED INFORMATION AND THAT IT IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE | | | 12A. PARENT OR OTHER INFORMANT—SIGNATURE | | 12B. RELATIONSHIP TO CHILD<br>MOTHER | | 12C. DATE SIGNED<br>4/13/90 |
| **CERTIFICATION OF BIRTH** | I CERTIFY THAT THE CHILD WAS BORN ALIVE AT THE DATE, HOUR AND PLACE STATED | | | 13A. ATTENDANT OR CERTIFIER—SIGNATURE—DEGREE OR TITLE | | 13B. LICENSE NUMBER<br>A19641 | | 13C. DATE SIGNED<br>4-79-90 |
| | 13D. TYPED NAME, TITLE AND MAILING ADDRESS OF ATTENDANT<br>H L HEMSLEY, MD,508 N LONG BEACH BL,COMPTON | | | | | 14. TYPED NAME AND TITLE OF CERTIFIER IF OTHER THAN ATTENDANT | | |
| **LOCAL REGISTRAR** | 15A. DATE OF DEATH | | 15B. STATE FILE NO.<br>(STATE USE ONLY) | 16. LOCAL REGISTRAR—SIGNATURE | | | 17. DATE ACCEPTED FOR REGISTRATION<br>MAY 1 1990 | |

This is to certify that this document is a true copy of the official record filed with the Registrar-Recorder/County Clerk



CERTIFICATION OF VITAL RECORD

COUNTY OF LOS ANGELES · REGISTRAR-RECORDER/COUNTY CLERK

**CERTIFICATE OF LIVE BIRTH**
**STATE OF CALIFORNIA**
**USE BLACK INK ONLY**

19519147084

| | | | | |
|---|---|---|---|---|
| | STATE FILE NUMBER | | | LOCAL REGISTRATION DISTRICT AND CERTIFICATE NUMBER |

| THIS CHILD | 1A. NAME OF CHILD --- FIRST (GIVEN) ALEX | 1B. MIDDLE VINCENT | 1C. LAST (FAMILY) VARELA | |
|---|---|---|---|---|
| | 2. SEX MALE | 3A. THIS BIRTH, SINGLE, TWIN, ETC. SINGLE | 3B. IF MULTIPLE, THIS CHILD 1ST, 2ND, ETC. – | 4A. DATE OF BIRTH --- MM/DD/CCYY 07/09/1995 | 4B. HOUR --- (24 HOUR CLOCK TIME) 0124 |

| PLACE OF BIRTH | 5A. PLACE OF BIRTH --- NAME OF HOSPITAL OR FACILITY SUBURBAN MEDICAL CENTER | | 5B. STREET ADDRESS --- STREET, NUMBER, OR LOCATION 16453 S. COLORADO AVE. | |
|---|---|---|---|---|
| | 5C. CITY PARAMOUNT | | 5D. COUNTY LOS ANGELES | 5E. PLANNED PLACE OF BIRTH HOSPITAL |

| FATHER OF CHILD | 6A. NAME OF FATHER --- FIRST (GIVEN) WITHHELD | 6B. MIDDLE WITHHELD | 6C. LAST (FAMILY) – | 7. STATE OF BIRTH – | 8. DATE OF BIRTH – |
|---|---|---|---|---|---|
| MOTHER OF CHILD | 9A. NAME OF MOTHER --- FIRST (GIVEN) ALICE | 9B. MIDDLE – | 9C. LAST (MAIDEN) ROSALES | 10. STATE OF BIRTH CA | 11. DATE OF BIRTH 12/11/65 |

| PARENT'S CERTIFI-CATION | I CERTIFY THAT I HAVE REVIEWED THE STATED INFORMATION AND THAT IT IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE. | 12A. PARENT OR OTHER INFORMANT --- SIGNATURE *Roselino de la Vaga* | | 12B. RELATIONSHIP TO CHILD BIRTH CLERK | 12C. DATE SIGNED 09/21/95 |
|---|---|---|---|---|---|
| CERTIFI-CATION OF BIRTH | I CERTIFY THAT THE CHILD WAS BORN ALIVE AT THE DATE, HOUR AND PLACE STATED. | 13A. ATTENDANT OR CERTIFIER --- SIGNATURE, --- DEGREE OR TITLE *Jose Luis de la Rosa, MD* | | 13B. LICENSE NUMBER A043518 | 13C. DATE SIGNED 10-06-95 |
| | 13D. TYPED NAME, TITLE AND MAILING ADDRESS OF ATTENDANT. J DE LA ROSA, MD, 16415 S COLORADO, PARAMOUNT | | | 14. TYPED NAME AND TITLE OF CERTIFIER IF OTHER THAN ATTENDANT. |

| LOCAL REGISTRAR | 15A. DATE OF DEATH | 15B. STATE FILE NO (STATE USE ONLY) | 1G. LOCAL REGISTRAR --- SIGNATURE *Robert C. Maas* M5 | 17. DATE ACCEPTED FOR REGISTRATION 01/10/1996 |
|---|---|---|---|---|



This is to certify that this document is a true copy of the official record filed with the Registrar-Recorder/County Clerk





STATE OF CALIFORNIA
CERTIFICATION OF VITAL RECORD

COUNTY OF LOS ANGELES • REGISTRAR-RECORDER/COUNTY CLERK

### CERTIFICATE OF LIVE BIRTH
### STATE OF CALIFORNIA
USE BLACK INK ONLY

1199719031972

| | | | | |
|---|---|---|---|---|
| STATE FILE NUMBER | | | | LOCAL REGISTRATION DISTRICT AND CERTIFICATE NUMBER |

| THIS CHILD | 1A. NAME OF CHILD — FIRST (GIVEN) ISAAC | 1B. MIDDLE MANUEL | 1C. LAST (FAMILY) VARELA | |
|---|---|---|---|---|
| | 2. SEX MALE | 3A. THIS BIRTH, SINGLE, TWIN, ETC. SINGLE | 3B. IF MULTIPLE, THIS CHILD 1ST, 2ND, ETC. – | 4A. DATE OF BIRTH — MM/DD/CCYY 02/02/1997 | 4B. HOUR — (24 HOUR CLOCK TIME) 0230 |

| PLACE OF BIRTH | 5A. PLACE OF BIRTH — NAME OF HOSPITAL OR FACILITY ST. FRANCIS MEDICAL CENTER | 5B. STREET ADDRESS — STREET, NUMBER, OR LOCATION 3630 E. IMPERIAL HWY. | |
|---|---|---|---|
| | 5C. CITY LYNWOOD | 5D. COUNTY LOS ANGELES | 5E. PLANNED PLACE OF BIRTH HOSPITAL |

| FATHER OF CHILD | 6A. NAME OF FATHER — FIRST (GIVEN) CRISTOBAL | 6B. MIDDLE – | 6C. LAST (FAMILY) VARELA | 7. STATE OF BIRTH MEXICO | 8. DATE OF BIRTH 01/14/1968 |
|---|---|---|---|---|---|
| MOTHER OF CHILD | 8A. NAME OF MOTHER — FIRST (GIVEN) ALICE | 9B. MIDDLE – | 9C. LAST (MAIDEN) ROSALES | 10. STATE OF BIRTH CA | 11. DATE OF BIRTH 12/11/1965 |

| PARENT'S CERTIFICATION | I CERTIFY THAT I HAVE REVIEWED THE STATED INFORMATION AND THAT IT IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE. | 12A. PARENT OR OTHER INFORMANT — SIGNATURE | 12B. RELATIONSHIP TO CHILD MOTHER | 12C. DATE SIGNED 02/05/1997 |
|---|---|---|---|---|
| CERTIFI-CATION OF BIRTH | I CERTIFY THAT THE CHILD WAS BORN ALIVE AT THE DATE, HOUR AND PLACE STATED. | 13A. ATTENDANT OR CERTIFIER — SIGNATURE — DEGREE OR TITLE | 13B. LICENSE NUMBER G038735 | 13C. DATE SIGNED 03/07/1997 |
| | 13D. TYPED NAME, TITLE AND MAILING ADDRESS OF ATTENDANT M LEE, MD, 3628 E IMPERIAL HWY, STE 408, LYNWOOD | 14. TYPED NAME AND TITLE OF CERTIFIER IF OTHER THAN ATTENDANT | | |

| LOCAL REGISTRAR | 15A. DATE OF DEATH | 15B. STATE FILE NO. (STATE USE ONLY) | 16. LOCAL REGISTRAR — SIGNATURE | 17. DATE ACCEPTED FOR REGISTRATION 04/14/1997 |
|---|---|---|---|---|

(24)

This is to certify that this document is a true copy of the official record filed with the Registrar-Recorder/County Clerk

CONNY B. McCORMACK

Los Angeles Superior Court - Civil Case Summary

Page 1 of 2

# Case Summary

**Case Number:** BD444242
ALICE ROSALES VS CRISTOBAL VARELA

**Filing Date:** 04/13/2006
**Case Type:** Dissolution of Marriage (General Jurisdiction)
**Status:** Pending

---

**Future Hearings**
None

---

Documents Filed | Proceeding Information

**Parties**

ROSALES ALICE - Petitioner

VARELA CRISTOBAL - Respondent

VILLEGAS JOSE ARMANDO - Attorney for Petitioner

---

Case Information | Party Information | Proceeding Information

**Documents Filed** (Filing dates listed in descending order)

**07/09/2007** Proof of Service-Summons & Com

**07/09/2007** Request-Enter Default

**05/11/2007** Judgment-Package Received-2336

**03/12/2007** Petition-Amended
Filed by Petitioner

**12/05/2006** Judgment-Package Received-2336

**10/18/2006** Request-Enter Default

**04/13/2006** Petition
Filed by Petitioner

**04/13/2006** Summons-Family Law
Filed by Petitioner

**04/13/2006** Declaration-Uniform Custody Minor'

U.S. Department of Justice

Immigration and Naturalization Service

**Warrant of Removal/Deportation**

2001 Seaside Avenue.
San Pedro (T.I.), CA 90731

File No: A28 711 856

Date: FEB 08 1998

## To any officer of the United States Immigration and Naturalization Service:

Cristobal Quiroz RAMOS

(Full name of alien)

who entered the United States at    Los Angeles, Ca.    on    March 31, 1988

(Place of entry)    (Date of entry)

is subject to removal/deportation from the United States, based upon a final order by:

☒ an immigration judge in exclusion, deportation, or removal proceedings
☐ a district director or a district director's designated official
☐ the Board of Immigration Appeals
☐ a United States District or Magistrate Court Judge

and pursuant to the following provisions of the Immigration and Nationality Act:

SECTION:   237(a)(2)(A)(iii)

I, the undersigned officer of the United States, by virtue of the power and authority vested in the Attorney General under the laws of the United States and by his or her direction, command you to take into custody and remove from the United States the above-named alien, pursuant to law, at the expense of:

# UNDER DOCKET
# CONTROL/SPP

1/28/30

_Thomas J. Schultgen-EX_

(Signature of INS official)

DISTRICT DIRECTOR

(Title of INS official)

FEB 08 1900    LOS ANGELES, CA

(Date and office location)

Form I-205 (Rev 4-1-97)N

# Appendix #c

# GROUNDS OF DEPORTABILITY AND INADMISSIBILITY RELATED TO CRIMES[1]

by

Katherine Brady[2] and Dan Kesselbrenner[3]

## Contents

I.     Overview of Immigration Proceedings ........................1
II.    Definition of Conviction ........................................1
III.   Sentence for Immigration Purposes ..........................2
IV.    Controlled Substance Offenses ................................3
V.     Aggravated Felonies .............................................3
VI.    Crimes Involving Moral Turpitude............................8
VII.   Firearms and Explosive Devices ..............................11
VIII.  Domestic Violence ..............................................15
                                                        16

## I.    Overview of Immigration Proceedings

### A.    Civil Nature

Immigration proceedings are civil in nature. *Harisiades v. Shaughnessy*, 342 U.S. 580, 594 (1952). Although the consequences of deportation may be "drastic," deportation is not punishment. *Galvan v. Press*, 347 U.S. 522, 530 (1954). Consequently, the Supreme Court has held repeatedly that the prohibition against *ex post facto* laws does not apply to deportation proceedings. *See, e.g., Lehmann v. Carson*, 353 U.S. 685, 690 (1957); *Marcello v. Bonds*, 349 U.S. 302, 314 (1955); *Bugajewitz v. Adams*, 228 U.S. 585, 591 (1913). There is a statutory right to counsel, but not at government expense. 8 U.S.C. § 1362, INA § 292.

### B.    Removal Proceedings

All immigration proceedings that began on or after April 1, 1997, are called "removal" proceedings. In removal proceedings, an immigration judge decides whether a noncitizen is inadmissible to or deportable from the United States. 8 U.S.C. § 1229(a), INA § 240. The grounds of inadmissibility apply if a person is seeking admission to the United States. The grounds of deportability apply to a person whom the United States has admitted as either an immigrant or a non-immigrant.

---

C.    Deportation and Exclusion Proceedings

Before April 1, 1997, there were two types of immigration proceedings: exclusion and deportation. Exclusion proceedings were for people seeking to enter the United States. Deportation proceedings were for people who already had entered the United States.

D.    Burden of Proof for Inadmissibility

A first time applicant for admission must establish that he or she is "clearly and beyond doubt entitled to be admitted." 8 U.S.C. § 1229(a)(2)(A), INA § 240(c)(2)(A). A person returning from a brief trip abroad must establish by "clear and convincing evidence" that he or she is "lawfully present pursuant to a prior admission." 8 U.S.C. § 1229(a)(3)(B), INA § 240(c)(3)(B).

E.    Burden of Proof for Deportability

The burden is on the INS to establish a ground of deportability by "clear and convincing evidence" in the case of a noncitizen who has been admitted to the United States. 8 U.S.C. § 1229(a)(3)(A), INA § 240(c)(3)(A).

## II.    Definition of Conviction

### A.    Statutory Definition

Congress defines "conviction" at 8 U.S.C. § 1101(a)(48)(A), INA § 101(a)(48) as follows:

The term "conviction" means, with respect to an alien, a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where:

(i)    a judge or a jury has found the alien guilty or the alien has entered a plea of guilty or *nolo contendere* or has admitted sufficient facts to warrant a finding of guilt, and

(ii)    the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.

### B.    Specific Dispositions

A juvenile court disposition is not a conviction for immigration purposes. *Matter of Devison*, 22 I&N Dec. 1362 (BIA 2000); *Matter of Ramirez-Rivero*, 18 I&N Dec. 135 (BIA 1981). A disposition under a pre-plea diversion statute is not a conviction. *Matter*

---

[1]    Revised August 2008.
[2]    Katherine Brady is a staff attorney with the Immigrant Legal Resource Center in San Francisco and the author of *California Criminal Law and Immigration*.
[3]    Dan Kesselbrenner is the director of the National Immigration Project of the National Lawyers Guild in Boston and the co-author of *Immigration Law and Crimes*.

2

*Appendix # C* (handwritten)

— A noncitizen has committed a crime involving moral turpitude while under the age of 18, and

— Any imprisonment for the offense ended more than five years before the current visa application.

### 3. Admission of Crime Involving Moral Turpitude

The moral turpitude ground of inadmissibility may apply even if a noncitizen does not have a conviction. A noncitizen is inadmissible if he or she voluntarily admits the essential elements of a crime involving moral turpitude to an INS or Department of State official. To constitute a valid admission, a noncitizen must admit voluntarily to the elements of the offense after the INS or Department of State official explains the offense in plain terms. *See, e.g., Matter of G.M.*, 7 I&N Dec. 40 (A.G. 1956).

### VII.  Firearms and Explosive Devices

#### A.  Deportability

A noncitizen faces removal from the United States if he or she has a single conviction for purchasing, selling, using, owning, or possessing a firearm in violation of law. INA § 237(a)(2)(C), 8 U.S.C. § 1227(a)(2)(C).

##### 1.  Scope of Record

If the statutory definition of the offense does not involve a weapon, then a conviction is not a firearm offense even if the record of conviction shows that the defendant actually used a firearm. *Matter of Perez-Contreras*, 20 I&N Dec. 615 (BIA 1992). If a statute punishes use of a weapon, including a firearm, then it is a "divisible offense." A noncitizen convicted under a "divisible statute" is not deportable for a firearm offense unless the record of conviction establishes that the offense committed involved firearms. *See, e.g., Matter of Pichardo*, 21 I&N Dec. 330 (BIA 1996). A police report is not part of the record of conviction. *Matter of Teixeira*, 21 I&N Dec. 316 (BIA 1996). A conviction for possession of ammunition is not a firearm offense. *Dulal-Whiteway v. DHS*, 501 F.3d 116, 121 (2d Cir. 2007).

##### 2.  Sentencing Enhancements

In 2007, the Board expressly modified its earlier interpretation of what constituted a sentencing enhancement in light of Supreme Court decisions in *Blakely v. Washington*, 542 U.S. 296, (2004); *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The BIA now holds that if a defendant admitted a fact that increases punishment if the law of the convicting jurisdiction requires the prosecution to

15

*(handwritten signature, dated 1/28/20)*

establish that fact to a jury under a reasonable doubt standard, then it would be an element of an offense, and not an enhancement. *In re Martinez-Zapata*, 24 I. & N. Dec. 424, 429, (BIA 2007), *overruling Matter of Rodriguez-Cortez*, 20 I. & N. Dec. 587 (BIA 1992).

### VIII.  Domestic Violence

#### A.  Deportability

In 1996, Congress added a ground of deportability for domestic violence convictions and for violations of civil protection orders. 8 U.S.C. § 1227(a)(2)(E), INA § 237(a)(2)(E). *(handwritten: "the Amended")*

##### 1.  Domestic Violence Conviction

A person is deportable for a conviction for a domestic violence offense if on or after September 30, 1996, he or she "is convicted of a crime of domestic violence, a crime of stalking, or a crime of child abuse, child neglect, or child abandonment." The statute defines domestic violence as a "crime of violence (as defined in section 16 of title 18)" directed against a current or former spouse, co-parent of a child, co-habitator, or other person similarly situated under domestic violence laws. A crime of violence under 18 U.S.C. § 16 includes an offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" or a felony that by its nature involves significant risk of use of such force. The Supreme Court's analysis of the meaning of the "use of force" in 18 U.S.C. § 16 in *Leocal v. Ashcroft*, 543 U.S. 1 (2004), also applies to domestic violence ground of deportability which also references 18 U.S.C. § 16 in defining a crime of domestic violence. *Matter of Sanudo*, 23 I&N Dec. 968 (BIA 2006)[13] *(handwritten: "my conviction is in 4.14.94")*

##### 2.  Violation of a Protective Order

The ground of deportability also applies when a noncitizen is enjoined by a protective order and is found by a criminal or civil court to have violated the portion of the order that protects "against credible threats of violence, repeated harassment, or bodily injury." 8 U.S.C. § 1227(a)(2)(E)(ii), INA § 237(a)(2)(E)(ii).

---

[13] Two distinguishing features between the aggravated felony ground and the crime of domestic violence ground are that the former requires a one-year sentence be imposed. Aggravated felony has no sentence requirement at all, and that the crime of domestic violence ground covers force against a person or property

16

# RECORD OF DEPORTABLE ALIEN   (See A.M. — 2790.01 - 04 for instructions)

| Family Name (Capital Letters) | Given Name | Middle Name | | Sex | Hair | Eyes | Complexion |
|---|---|---|---|---|---|---|---|
| VARELA- Quirez | Cristobal | | | M | BLK | BRN | Med |

| Country of Citizenship | Passport Number and Country of Issue | File Number | | Height | Weight | Occupation |
|---|---|---|---|---|---|---|
| Mexico | | | | 5'5" | 180 | LABORER |

U.S. Address (Residence) (Number) (Street) (City) (State) (Zip Code)

Scars or Marks: Sm mole Rt cheek

CALIFORNIA STATE PRISON, WASCO, CALIFORNIA

| Date, Place, Time, Manner of Last Entry | | | Passenger Boarded At |
|---|---|---|---|
| 1/1/186 (SYS) CAL Other EWI (LAPR) | | | |

F.B.I. No. 722-35-5-2

Marital Status: ☐ Single ☐ Married ☐ Separated ☐ Divorced  Widower

| Number, Street, City, Province (State) and County of Permanent Residence |
|---|
| 116 600 Downey Ave #93 Paramont Ca |

Method of Location/Apprehension: 511.2. 1 2 3⊕

| Inmate: | Date of Action | Location Code |
|---|---|---|
| 01/14/68 | | BKF |

At/Near: WASCO, CA   8/22/96

| City, Province (State) and County of Birth | AR / Form (Type & No.) | ☐ Lifted ☐ Not Lifted |
|---|---|---|
| Compa Pelarios DGO Mex | ☐ | |

By: Phil

| Visa Issued At—NIV No. | Social Security Account Name |
|---|---|
| | |

Status of Entry: LAPR   Status When Found: IN INSTITUTION

| Date Visa Issued | Social Security No. | Send C.O. Rec. Check To: |
|---|---|---|
| | 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 | SFR |

Length of Time Illegally in U.S.: 1 mon to 1 yr

| Immigration Record | Criminal Record |
|---|---|
| SEE NARRATIVE   568 36 6995 | SEE DOCUMENTS/NARRATIVE |

| Name, Address, and Nationality of Spouse (Maiden Name, if appropriate) | Number & Nationality of minor Children |
|---|---|
| Alice   USC | 3 USC |

| Father's Name, and Nationality and Address, if Known | Mother's Present and Maiden Names, Nationality, and Address, if Known |
|---|---|
| Francisco Varela   Mex | Elena Chavez  Mex |

| Monies, Owe, Property in U.S. Not in Immediate Possession | Fingerprinted | Lookout Book Checked | Organization Charge(s) (Code Words) |
|---|---|---|---|
| ☐ None Claimed  ☐ See Form I-43 | ☐ Yes  ☐ No | ☐ Not Listed  ☐ Listed, Code | |

| Name and Address of (Last) (Current) U.S. Employer | Type of Employment | Salary hr | From: | To: |
|---|---|---|---|---|
| UNEMPLOYED | | | | |

Narrative (Outline particulars under which alien located, apprehended. Include details, not shown above, re time, place, manner of last entry, and elements which establish administrative and/or criminal violation. Indicate means and route of travel to interior) Alien has been advised of communication privileges, pursuant to 8 CFR 242.2(e)

Initial _____ Date _____

| | |
|---|---|
| PRISON NAME: VERELA, CHRISTOPHER | Subject discovered at the California State Prison at Wasco, California, and alienage was established. |
| CDC #: K-18143 | US INS # _____ |
| CII #: A07695649 | |
| COURT: LOS ANGELES/SOUTHEAST | Claims Amnesty 210 ----- 245 |
| CASE #: VA026440 | |
| PC/ES: PC 273.5(A), PC 245(A)(I) | Claims LAPR: What Year 1435 / POE SYS |
| CRIME: CORP. INJ. TO SPOUSE, ASSLT. G.B.I. W/D.W | Claims Deport: What Year ___ / Locat ___ |
| CONVICTION DATE: 04-14-94 | Claims VR : What Year ___ /Location ___ |
| SENTENCE: _____ | |
| OFFENSE DATE: _____ | Application pending with USINS/ YES or ? |
| PENDING APPLIC.: _____ | Current Term is for( )New OFF( )Prob ( ) |
| MILITARY SERVICE: _____ | |
| RELEASE DATE: _____ | |

(Signature and title)   1/28/20

(Signature and title)

(Space insufficient, show "continued" and continue on reverse, from bottom up)

| DISTRIBUTION | Received (subject and documents) (report of interview) from |
|---|---|
| 1 File | Officer _____ |
| 1 Log | |
| 1 G-875 | Disposition: WA/OSC AUTH. OIC FRE |

The District Attorney of the County of Los Angeles, by this Information alleges that:

## COUNT 1

On or about February 6, 1994, in the County of Los Angeles, the crime of CORPORAL INJURY TO SPOUSE/COHABITANT/CHILD'S PARENT, in violation of PENAL CODE SECTION 273.5(a), a Felony, was committed by CHRISTOPHER VERELA, who did willfully and unlawfully inflict corporal injury resulting in a traumatic condition upon Alice Rosales , who was the mother of defendant's child.

\* \* \* \* \*

## COUNT 2

On or about February 6, 1994, in the County of Los Angeles, the crime of ASSAULT GREAT BODILY INJURY AND WITH DEADLY WEAPON, in violation of PENAL CODE SECTION 245(a)(1), a Felony, was committed by CHRISTOPHER VERELA, who did willfully and unlawfully commit an assault upon Alice Rosales with a deadly weapon, to wit, a seatbelt, and by means of force likely to produce great bodily injury.

"NOTICE:  The above offense is a serious felony within the meaning of Penal Code section 1192.7(c)(23)."

\* \* \* \* \*



1/28/20

*Appendix #C*

Produced 08/04/2016 from USCIS' EDMS; Alien File No. 028711856  Document 0045 of 0100,    Page 9    of 16

BKD VARELA, Cristobal

# ABSTRACT OF JUDGMENT – PRISON COMMITMENT

FORM DSL 290

SUPERIOR COURT OF CALIFORNIA, COUNTY OF _____ LOS ANGELES

| (CONT'D) | BRANCH | SOUTHEAST |
| 499999 | DOP: 1-14-68 | |

PEOPLE OF THE STATE OF CALIFORNIA versus

| | CASE NUMBER (S) | |
| DEFENDANT:  VERELA, CHRISTOPHER | VA026440 | - A |
| AXA: | | - B |
| | ☐ NOT PRESENT | - C |
| COMMITMENT TO STATE PRISON | | - D |
| ABSTRACT OF JUDGMENT ☐   AMENDED ABSTRACT ☐ | | - E |

☒ PRESENT

T 48503266

INT TO GO B/W NOTE
AUG 05 1996

| DATE OF HEARING (MO. DAY YR) | DEPT. NO. | JUDGE | CLERK |
| 7-23-96 | SE N | T I MCKNEY JR. | B SCHAUFACKER |

| REPORTER | COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | PROBATION NO. OR PROBATION OFFICER |
| K SHEPHERD | R SAUKKOLA | R NOGUCHI | X-229864 |

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES (OR ALTERNATE FELONY/MISDEMEANORS)

☐ ADDITIONAL COUNTS ARE LISTED ON ATTACHMENT _____ (NUMBER OF PAGES)

| COUNT | CODE | SECTION NUMBER | CRIME | | DATE OF CONVICTION | | | CONVICTED BY | | | | | | | SENTENCE RELATION | | | | | PRINCIPAL OR CONSECUTIVE TIME IMPOSED | |
| | | | | YEAR | MO | DAY | YEAR | | | | | | | | | | | | YEARS | MONTHS |
| 1 | PC | 273.5(A) | CORP. INJ. TO SPOUSE | 94 | 04 | 14 | 94 | | X | D | | | | | | | | | 4 | 0 |
| 2 | PC | 245(A)(1) | ASLT. GBI/W/DWN | 94 | 04 | 14 | 94 | | X | D | | | | | | | | | | |

2. ENHANCEMENTS charged and found true TIED TO SPECIFIC COUNTS (mainly in the § 12022 series) including WEAPONS, INJURY, LARGE AMOUNTS OF CONTROLLED SUBSTANCES, BAIL, STATUS, ETC. For each count list enhancements horizontally. Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add up time for enhancements on each line and enter line total in right-hand column.

| Count | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
| | | | | | | | | | | | |
| | | | | | | | | | | | |

3. ENHANCEMENTS charged and found true FOR PRIOR CONVICTIONS OR PRIOR PRISON TERMS (mainly § 667-series) and OTHER. List all enhancements based on prior convictions or prior prison terms charged and found true. If 2 or more with the same section, repeat it for each enhancement (e.g., if 2 non-violent prior prison terms under § 667.5(b) and § 667.5(b)2 times), Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add time for these enhancements and enter total in right-hand column. Also enter here any other enhancement not provided for in space 2.

| Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
| | | | | | | | | | | |
| Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |

4. INCOMPLETE SENTENCES/CONSECUTIVE

| COUNTY | CASE NUMBER | CREDIT FOR TIME SERVED |
| | | |

5. OTHER ORDERS

*Use additional sheets of plain paper if necessary.*

6. TOTAL TIME IMPOSED ON ALL ATTACHMENT PAGES (FORM DSL 290-A)

7. TIME STAYED TO COMPLY WITH 2-YEAR OR 10-YEAR LIMIT ON SUBORDINATE TERMS (SINGLE-BASED TERM LIMIT, ETC. (Do not include 2-Year stays of discretionary stays of terms but not enhancements)

8. TOTAL TERM IMPOSED | 5 | 0

9. EXECUTION OF SENTENCE IMPOSED

☐ A. AT INITIAL SENTENCING HEARING  ☐ B. AT RESENTENCING PURSUANT TO DECISION ON APPEAL  ☒ C. AFTER REVOCATION OF PROBATION  ☐ D. AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT (PC § 1170(d))  ☐ E. OTHER _____

| 10. DATE OF SENTENCE PRONOUNCED (MO) (DAY) (YR)  7-23-96 | CREDIT FOR TIME SPENT IN CUSTODY | TOTAL DAYS | ACTUAL LOCAL TIME | LOCAL CONDUCT CREDITS | STATE INSTITUTIONS |
| | 444 | INCLUDING | 295 | 149 | ☐ CDMH   ☐ CDC |

11. DEFENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED

☒ FORTHWITH   ☐ AFTER 48 HOURS EXCLUDING SATURDAYS SUNDAYS AND HOLIDAYS

INTO THE CUSTODY OF THE DIRECTOR OF CORRECTIONS AT THE RECEPTION-GUIDANCE CENTER LOCATED AT:

☐ CALIF. INSTITUTION FOR WOMEN – FRONTERA   ☐ CALIF. MEDICAL FACILITY – VACAVILLE   ☒ CALIF. INSTITUTION FOR MEN – CHINO   ☐ DEUEL VOC. INST.

☐ SAN QUENTIN   ☐ OTHER (SPECIFY)

CLERK OF THE COURT

I hereby certify _____ correct abstract of the judgment made in this action

| DEPUTY CLERK'S SIGNATURE | DATE |
| | JULY 20, 1996 |

*(handwritten annotations in margins:)* my conviction was 4-14-94 · The Aca Amended is on or after 9.30.91 · My Probation violation 8.5.96 · My commitment (PC § 1170(d))

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
LOS ANGELES, CALIFORNIA

In the Matter of: <u>CRISTOBAL RAMOS QUIROZ</u>          A Number: <u>028-711-856</u>

ORDER OF THE IMMIGRATION JUDGE

Upon consideration <u>of RESPONDENT'S MOTION TO REOPEN</u>
IT IS HEREBY ORDERED THAT THE MOTION BE:  [X] GRANTED          [ ] DENIED because:

[ ] DHS does not oppose the motion.
[ ] The respondent does not oppose the motion.
[ ] A response to the motion has not been filed with the court.
[X] Good cause has been established for the motion.
[ ] The court agrees with the reasons stated in the opposition to the motion.
[ ] The motion is untimely per _____.
[ ] Other: _____.

Deadlines:

[ ] The application(s) for relief must be filed by _____.
[ ] The respondent must comply with DHS biometrics instructions by _____.

Date _____          _____
                                              Immigration Judge

_____

Certificate of Service
This document was served by: [ ] Mail [ ] Personal Service
To: [ ] Alien [ ] Alien c/o Custodial Officer [ ] Alien's Atty/Rep [ ] DHS

Date: ___11-17-16___          by Court Staff _____

                    1/28/20

The instant case was recently appealed by the respondent from a removal order to the Philippines or in the alternative to Mexico, dated August 25, 2016. The Department of Homeland Security ("Department") respectfully requests that the Board remand the case to the Immigration Judge to allow for termination of the proceedings as the NTA was improvidently issued.  On November 17, 2016 an Immigration Judge granted the respondent's motion to reopen and thus that case is now pending.  See attached IJ Order dated November 17, 2016.

Respectfully submitted on this 13 day of January, 2017,

Thomas J. Watt
Assistant Chief Counsel
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security

2                                          A028 711 856

U.S. Department of Justice
Executive Office of Immigration Review

**Record of Mast\_\_\_\_ lendar Pre-Trial Appearance and Order**

Name: _Ramos, Cristobal_                Date: _1-23-17_

File No.: _AO28-711-85L_                Language: _English_

Presiding Judge: HON. _McSweeney_

Government's Attorney: _Grande_

Respondent/Applicant Attorney: _Pro Se_

Removability/Deportability/Excludability:   ☐ CONCEDED   ☐ CONTESTED

Factual Allegations No.: _____ ADMITTED _____ DENIED

Relief Sought: _212 (c), Adjustment, Registry?, Due process_
_issues, Asy, WH, CAT._

Country of choice for Removal/Deportation purposes: _____

The parties acknowledge receipt of a copy of this record and order and have no objections to the contents herein.

_____          _____          _____
Government Attorney           Respondent/Applicant          Respondent/Applicant Attorney

**ORDER**                                                    _1/28/26_

_____ as the country for deport/removal purposes.

The Court directs _____ or

ll relief applications and documents in support thereof must be filed no later than _____ or
y such date as may be extended by the Immigration Judge. Failure to timely file the relief applications will result in the conclusion that
ich applications are abandoned.

. pre-hearing statement of position must be filed by the respondent: ☐ GOV'T ☐ both parties ☐ no later than _____

pposing party's statement due by: _____

ll filings and submissions must comply with local operating procedures of the San Diego Immigration Court. A copy of the local proce-
ires may be obtained from Court staff.

dividual Calendar Trial Date: _June 16, 2017_ at _8:00_ (am)/pm.

aster Calendar re-set Date: _May 4, 2017_ at _1:00_ am/(pm).

otes: _(R) filed a number of applications—see file. (R) given I-589, +_
_180 day notice. Reset to friend of the court calendar._

**9ᵗʰ,Cir. Case.# 16-73407**

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
DHS/ICS OFFICE OF CHIEF COUNSEL~ SND
880 FRONT ST,ROOM. 2246
**SAN DIEGO, CA.921001~8834**

| | | |
|---|---|---|
| File;A#28711856 | ) | IN REMOVAL PROCEEDINGS |
| | ) | **MOTION FOR:212(c) RELIEF UNDER (AEDPA)** |
| In the matter of | ) | Date file:12/10/2016 |
| | ) | |
| CRISTOBAL RAMOS QUIROZ | ) | |
| | ) | |
| | ) | |
| RESPONDENT | ) | |
| _____ | ) | |

**CHARGES**; REMOVAL PROCEEDINGS

**APPLICATIONS:**SEEKING <u>212(C), RELIEF</u> UNDER THE AMENDMENT ACT OF 1996(AEDPA)
, Motion:For Available Relief,

**ON BEHALF OF CRISTOBAL RAMOS QUIROZ: PRO SE**

7488 Calzada de la fuente
San Diego, Ca. 92154
<u>**Cristobal Ramos Quiroz Opening Brief**</u>

*The respondents is a native of Mexico, entered the United States when he was a baby in 1970*

*at the age of two years old, He has remained in the U. S. ever since. In 1986, his mother  apply*

*am-misty  for him and was granted. LPR (But) When **Cristobal Ramos Quiroz** was brought in to the*

*United States when he was a baby his father name him **Cristobal Varela** and told him that he was born*

*in the United States, all his life as a young man he thought he was born in the U. S. ,he was lie to by his*

*father,at the age of ten his parents separated, <u>all of  my records are under the name Cristobal Varela</u>*

<u>*California I. D.,#C3951307 social security #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 at the age of 18 Cristobal Varela* **Registered**</u>

<u>**for the Selective Service in the state of California**</u>*, his* <u>**register, #68-0027480-2**</u> *for the Selective*

<u>*Service System.*</u>

**CRISTOBAL RAMOS QUIROZ**
A # 028711856
OTAY MESA DETENTION CENTER
P.O.Box 439049
San Diego, CA.92143-9049
***Pro Se   9th,Cir. Case.# 16-73407***

*<u>IN April 14,1994</u> Cristobal Varela was convicted for **Domestic Violence** Conviction and was sentence*

*to 90 day and 5 years **probation suspended**, <u>In 1996 of August, the 5th.</u> Cristobal Varela <u>violated his</u>*

*<u>probation suspended</u> (**He did not commute another crime**) he just violated his probation not*

*committing another crime, Cristobal Varela serve  2 1/2 years on **the probation violation** and was*

*release  <u>to Immigration in 1999.</u>A Immigration judge deported <u>Cristobal Varela</u> out of the country in*

*1999 . The  Immigration Judge never told <u>Cristobal Ramos Quiroz</u>(**see the name change**) <u>about any</u>*

*<u>relief.</u> **<u>The Immigration Judge shall inform the alien of his or her apparent eligibility to apply for</u>***

***<u>any of the benefits</u>.** However, an Immigration judge may not look to an applicants Criminal record in*

*order to reassess his ultimate guilt or innocence, See,<u>Matter of Roberts</u>,20 I. & N. Dec. 294(BIA 1991).*

***Prior to the IIRIRA 1996, amendments INS vs St. Cyr** (on or after Sept.30, 1996) **Cristobal Varela***

*also name **Cristobal Ramos Quiroz (see the name change)***

***Am Seeking**:212(c) relief waiver (<u>the one and only one</u>)*

  **The Immigration Judge did not acknowledge any of my Factors of evidence I percent ted,**

the positive and the negative factors, he only judge my criminal convictions, <u>I have strong family ties,</u>

(4) American children, the oldest Cristo Varela is 31 years old the second oldest April Varela  is 26

years old next Alex Varela is 21 years old, then Issac Varela 19 years old, **also  <u>support letters</u>, a <u>job</u>**

**to pay back anything i owe to the government**

**I''ll be persenting burden of proof.**

*If Cristobal Varela **conviction** was **after April 24, 1996** up until April 1, 1997, you might be still  able*

*to apply for a 212(c) waiver, (but it would not) waive <u>aggravated felonies</u> **after April 24, 1996***

*P.1*



**CRISTOBAL RAMOS QUIROZ**
A # 028711856
OTAY MESA DETENTION CENTER
P.O.Box 439049
San Diego, CA.92143-9049
***Pro Se  9ᵗʰ,Cir. Case.# 16-73407***

***Cristobal Varela was convicted  originally in April 14, 1994.***

In 1996 of August the 5th, Cristobal Varela  olny violated his probatin

*Cristobal Ramos Quiroz has evidence  of proof of burden (Abstract of Judgment) dates, criminal*

*records,California I. D. #C3951307, S. S. N.#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, under the name **Cristobal Varela**.*

***this case is important:*** *because if the Immigration Judge would of told Cristobal Ramos Quiroz about*

*his relief  212(c) relief , he would of not been deported,in  1999*

**Prior to IIRAIRA** most of the sentence-specific offenses qualified as ``aggravated felonies'' only if the

offender was or **could have been sentenced to'' at least five years in prison''.**. The monetary offenses

included in the definition qualified as **aggravated felonies** only if the loss to the victim was equal to or

greater than $100,000 (for fraud and tax evasion)or $100,000 (for money laundering).With two

possible exceptions,all ``aggravated felonies'' were felony offenses.

**IIRAIRA** lowered the five year sentence thresholds to one year.In the amendment process the sections

of the ``aggravated felony'' definition that had previously read, ``for which the term of imprisonment is

at least five years,'' were stricken and replaced with, ``for which the term of imprisonment [is] at least

one year [sic].''Although the issue of the missing verb has been litigated,the missing verb is most likely

``is''.Regardless, the significant act in amending the definition was to simply replace the word ``five''

with the word ``one.''

**P.2**



**CRISTOBAL RAMOS QUIROZ**
A # 028711856
OTAY MESA DETENTION CENTER
P.O.Box 439049
San Diego, CA.92143-9049
**Pro Se**  *9ᵗʰ,Cir. Case.# 16-73407*

conviction of crime Domestic violence and other similar orders:

**these all trigger deportability under the "domestic violence" ground at  8 USC**

**1227 (a)(2)(E)**.The conviction, or the conduct that violated the protective order,

**must have occurred after admission and after  Sept. 30 1996**

*" Appropriate dates of the underlying crime"*

In 1994 Cristobal Varela was convicted , however  in **1996** of August he violated his probation

only"not committing another crime". The date of the amendment act of 1996." say" on and after

Sept. 30, 1996 ,( A person is deportable for a Domestic Violence if on or after  September 30, 1996,

he or she is convicted) "**Appropriate dates**"of the amendment under (IIRIRA  ACT, INS vs St.

Cyr)  Cristobal Varela was deported in 1999

*CRISTOBAL RAMOS QUIROZ claimed that he was not advised of his rights to request*

*voluntary departure and to appeal the judges decision.*

finding that  CRISTOBAL RAOS QUIROZ was unlawfully deported. However, .

He argues that a review of the deportation proceedings will result in a finding that the

applicant was unlawfully deported.

The deportation order of the Immigration Judge was appealable at the time to the Board of

Immigration Appeals. The respondent has   established that he is eligible for 212(c) relief

removal which can be granted by an Immigration Judge

P.3



**CRISTOBAL RAMOS QUIROZ**
A # 028711856
OTAY MESA DETENTION CENTER
P.O.Box 439049
San Diego, CA.92143-9049
*Pro Se    9ᵗʰ,Cir. Case.# 16-73407*

**Even though the respondent has resided in this country since 1970, and  haves  family ties to this**

**country, and has presented evidence,**

The conviction for which the respondent seeks a  212(c) waiver occurred in 1994, he violated

his probation in Aug. 5 ,1996 after former section 212(c) of the Act had been repealed in 1996.

See generally INS v. St. Cyr, 533 U.S. 289 (2001).

'therefore", (the respondent received )the waiver, *the one and only waiver,* that he would have

been eligible for before the Court.

We review Immigration Judges findings of fact for clear error, but questions of law, discretion,

and judgment, and all other issues in appeals, de novo. 8 C.F.R.  1003.1(d)(3).


(recognizing that it would not be appropriate for an Immigration Judge or the Board to

administratively close proceedings if the request is based on a purely speculative event or

action, such as a possible change in a law or regulation).



**P.4**

**CRISTOBAL RAMOS QUIROZ**
A # 028711856
OTAY MESA DETENTION CENTER
P.O.Box 439049
San Diego, CA.92143-9049
<u>Pro Se</u>   *9th,Cir. Case.# 16-73407*

## UNITED STATES SUPREME COURT

## INS V. ENRICO ST. CYR, 533 U.S. 289 (2001):

Enrico St. Cyr came from haiti to United States as a lawful permanent resident in

1986. **A decade later** in Connecticut, he plea guilty in a Connecticut state court to

selling a controlled substance, $100 worth of cocaine, and thus became deport

able. **If the INS would have taken custody of St Cyr at the completion of his**

**sentence he would have been eligible for a waiver of deportation under INA**

**212(c).** Because the INS did not begin proceeding against St Cyr until 1997, he

could no longer file a motion for 212(c) **even though he committed the crime**

**when the waiver was still being granted.** He was **now subject to the new**

**retroactive laws passed in 1996,**<u>the Antiterrorrorism and Effective Death Penalty</u>

<u>Act (AEDPA) AND THE ILLEGAL IMMIGRATION REFORM AND</u>

<u>IMMIGRANT RESPONSIBILITY Act (IIRIRA).</u> Rep presented by the ACLU, st

Cyr sued the federal government on the ground that he was lawfully eligible for

the waiver. The case reached the United States Supreme Court in 2001. **The Court**

**P.5**



CRISTOBAL RAMOS QUIROZ
A # 028711856
OTAY MESA DETENTION CENTER
P.O.Box 439049
San Diego, CA.92143-9049
<u>Pro Se</u>   *9th,Cir. Case.# 16-73407*

**ruled that Congress never intended for INS to apply its new rule retroactively**

**in case involving "plea bargains"** made prior to  the enactment of IIRIRA. That

ment that St. Cyr ,and other immigrants whose convictions were obtained through

<u>plea agreements,</u> remain **eligible for 212(c) waiver if they would have been**

**eligible for 212(c) relief at the time of their plea.**


**<u>This case is important</u>** because it held that the effective date of the changes from

INA 212(c) to cancellation of removal for L P R, Apr. 1, 1997, does not bar 212(c)

relief for certain pre-IIRIRA conviction.

**Cardenas-Delgado v. holder 720 F .3d 1111 (9th Cir. 2013)**
 212(c) to waive one or more qualifying conviction that occurred before the 1996
or 1997 dates INS v. St. Cyr, 533 U.S.. 289 (2001);
 **Judulong v. Holder,  132S. Ct. 474, 479 (2011)**

**P.6**

⑦

**CRISTOBAL RAMOS QUIROZ**
A # 028711856
OTAY MESA DETENTION CENTER
P.O.Box 439049
San Diego, CA.92143-9049
***Pro Se   9th,Cir. Case.# 16-73407***

4.
***Statement of the facts***

**{182 L. Ed. 2d LEdHR2}[2]** The immigration laws have long given the Attorney General discretion to

permit certain otherwise-removable aliens to remain in the United States. See Judu lang v. Holder, 565

U. S. ___, ___132 S. Ct. 476, 181 L. Ed. 2d 449, 464-465 (2011). The Attorney General formerly

exercised this authority by virtue of 212**(c)** of the Immigration and Nationality Act (INA), 66 Stat. 187,

8 U. S. C. 1182**(c)** (1994 ed.), a provision with some lingering relevance here, see 132 S. Ct. 476, 181

L. Ed. 2d at 456. But in 1996, Congress replaced 212**(c)** with 1229b**(a)** (2006 ed.). That new section,

applicable to the cases before us, provides as follows:

**{182 L. Ed. 2d LEdHR3}[3]** ``**(a)** Cancellation of removal for certain permanent residents``The

Attorney General may cancel removal in the case of an alien who is inadmissible or deportable from

the United States if the alien--``**(1) has been an alien lawfully admitted for permanent residence for**

**not less than 5 years,**``**(2) has resided in the United States continuously for 7 years after having**

**been admitted in any status, and**``**(3) has not been convicted of any aggravated felony." Ibid.**

***P.7***



**CRISTOBAL RAMOS QUIROZ**
A # 028711856
OTAY MESA DETENTION CENTER
P.O.Box 439049
San Diego, CA.92143-9049
***Pro Se*** *9ᵗʰ,Cir. Case.# 16-73407*

*{182 L. Ed. 2d LEdHR4}[4]Section 1229b(a) thus specifies the criteria that make an alien eligible to {182 L. Ed. 2d 930}obtain relief from the Attorney General. "The first paragraph" requires that the alien have held the status of a lawful permanent resident (LPR) for at least five years. And" the second" adds that the alien must have lived in the United States for at least seven continuous years after a lawful admission, whether as an LPR or in some other immigration status.1 ("The third" "paragraph is not at issue in these cases".)*

**1994 Amendment** (ch 873):**(1)** Substituted Section 527.6 or 527.8 for Section 527, 527.6, or 527. in subd **(a)**; **(2)** substituted subds **(b)** and **(c)** for former subd **(b)** which read: **(b)** If a violation of an order described in subdivision **(a)** results in a **physical injury**, the person shall be imprisoned in a county jail for at least 48 hours, whether a fine or imprisonment is **imposed or the sentence is suspended.**; **(3)** predesignated former subd **(c)** to be subd **(d)**; **(4)** amended subd **(d)** by **(a)** deleting second or after A; **(b)** substituting an order described in subdivision **(a)** for the order; and **(c) deleting for 16 months or two or three years at the end;** **(5)** added subd **(e)**; **(6)** redesignated former subd **(d)** to be subd **(f)**; **(7)** added subd **(g)**; and **(8)** redesignated former subds **(e)** and **(f)** to be subds **(h)** and **(i)**.

P.8

**CRISTOBAL RAMOS QUIROZ**
A # 028711856
OTAY MESA DETENTION CENTER
P.O.Box 439049
San Diego, CA.92143-9049
*Pro Se   9th,Cir. Case.# 16-73407*

**1996 Amendment:(1)** Substituted subd **(c)(1)** for former subd **(c)(1)** which read: **(1)** An order

enjoining any party from molesting, attacking, striking, threatening, sexually assaulting, battering,

harassing, contacting repeatedly by mail with the intent to harass, or disturbing the peace of the other

party, or other named family and household members.; (2) substituted that for which before results in

physical in subd **(e)**; and **(3) added as operative on or before August 2, 1995,** or Section 1202.4, in

subd **(i).** (As amended Stats 1996 ch 1077, *compared to the section as it read prior to 1996. This*

*section was also amended by an earlier chapter, ch 904. See Gov C  9605.)*

*1999 Amendment:***(1)** Added , or Section 15657.03 of the Welfare and Institutions Code, in subd **(a)**;

**(2)** substituted that for the after or by both in subd **(a),** and in the first sentence of subd **(b); (3)**

substituted interest for interests before of justice and in the second sentence of subds **(b)** and **(e); (4)**

amended subd **(c)** by **(a)** addingor 6389 in subd **(c)(1); (b)** substituting described in for under in subd

**(c)(3);** and **(c)** adding subd **(c)(4); (5)** substituted a for the same after physical injury to in the first

sentence of subd **(e); (6)** substituted described in for issued pursuant to in subd **(f); (7)** substituted subd

**(g)** for former subd **(g)** which read: **(g)** The court may order a person convicted under this section to

undergo counseling, and, if appropriate, to complete a batterer's treatment program.; and **(8)** amended

subd **(h)** by **(a)** substituting **(c), (d),** or **(e),** the court shall impose probation consistent with the

provisions of Section **1203.097,** and for or **(c),** in the introductory clause; and **(b)** adding or to a shelter

for abused elder persons or dependent adults in subd **(h)(1).** (As amended Stats 1999 ch 662,

compared to the section as it read prior to

*P.9*

⑲

**CRISTOBAL RAMOS QUIROZ**
A # 028711856
OTAY MESA DETENTION CENTER
P.O.Box 439049
San Diego, CA.92143-9049
*Pro Se   9th,Cir. Case.# 16-73407*

*We are clearly within the rule which permits, and even requires, the court to take into consideration the results which must ensue, if that question be decided one way rather than the other. To hold that the act includes mere escapades transforms into a felony what all of the States have regarded as a misdemeanor for many years, and renders men infamous for conduct which, at its worst, might be no more than a transgression of the moral law. Our humanity revolts at the thought of punishing a moral lapse as a felony, and no law which does so can be properly enforced. The punishments provided in this statute when applied to cases of fornication or adultery may not be deemed cruel and unusual within the 8th Amendment, but they are so nearly such in fact as to engage the benevolence of judges, peace officers, and juries against its strict enforcement. It has long been a maxim with us that in order to insure the due enforcement of any statute its penalties must bear some fair relation to the offenses which it seeks to prevent, and we must assume that our federal lawmakers understood it.*

**P.10**

# CERTIFICATE OF SERVICE

## BY PERSON IN FEDERAL DETENTION

__9th, Cir. Case.# 16-73407__

*Respondent Pro-Se*

I CRISTOBAL RAMOS QUIROZ A#028711856; The undersigned , certify and do declare I, am over the age of eighteen (18) years old , detained at OTAY MESA DETENTION CENTER by DHS . Located in San Diego, California and a party to the attached foregoing cause of action.
On 12/10/ 2016; I did serve a true original and a copy of this:
## MOTION TO : DHS MOTION FOR 212(c) RELIEF UNDER (AEDPA)

      By depositing it in the United States Postal Mail Box , located  at San Diego, California, Otay Mesa Detention Center ; to the following person's:
__By:__
(    ) Fax
(  ) Hand delivery
(X  ) Mailing
(    ) Commercial courier

__DEPARMENT OF JUSTICE  EXECUTIVE__
__OFFICE OF IMMIGRATION REVIEW__
__US IMMIGRATION COURT OF SAN DIEGO__
__7488 CALZADA DE LA FUENTE__
__SAN DIEGO, CALIFORNIA 92154__
__OFFICE OF THE CHIEF COUNSEL__
__DHS/ICE-SND__
880Front St. Room.2246,
San Diego, Ca. 92101~8834

I declare under penalty of perjury that the foregoing is true and correct.
Executed on  12/10/, 2016, at OMDC/CCA/DHS.
Respectfully Submitted,
SIGN_HERE:_____
NAME:CRISTOBAL RAMOS QUIROZ;
A#028711856
OMDC/CCA/DHS/H-109
P.O.Box: # 439049
San Diego, CA. 92143/949

*9th,Cir. Case.# 16-73407*

# UNITED STATES DEPARTMENT OF JUSTICE
## EXECUTIVE OFFICE OF IMMIGRATION REVIEW
## UNITED STATES IMMIGRATION COURT

| | |
|---|---|
| In the matter of: ) | File No. A#028711856 |
| ) | |
| ) | |
| ) | ***RESPONDENT'S, MOTION TO: DISMISS DUE*** |
| Cristobal Ramos Quiroz ) | ***TO A VIOLATION OF DUE PROCESS*** |
| ) | |
| In Removal Proceedings ) | FILING DATE:12/25/16 |

**APPLICATIONS**: SEEKING **REINSTATEMENT OF MY LAWFUL PERMANENT RESIDENT** STATUS, OR PURSUANT TO 212(C), RELIEF UNDER THE AMENDMENT ACT OF (AEDPA)

## 1.
# Issue Presented

The supreme court held that those alien **C*onvicted Prior To The Effective Dates Of (AEDPA)*** and

**(IIRIRA)** *remained eligible for 212(c) relief*"if their conviction were the result of *plea bargains"*.

The circuit courts are on the day- to – day front line in this controversy, and the respondent

discuss the continuing efforts of the courts of Appeals to come to grips with the question of

*212(c)eligibility for aliens convicted of crimes prior to their" effective "dates of* (AEDPA) and

**(IIRIRA )**

_9th, Cir. Case.# 16-73407_

# CRISTOBAL RAMOS QUIROZ/ PRO-SE

# A#028711856

## 2.

## Panel Review

The regulation allow only person who Plea  guilt or nolo contendere before April 1, 1997 **To Apply For Relief,** Under the regulation, **a person who were convicted after a trial are not eligible.** The eligibility requirements and bars to section 212(c) relief As **"They EXISTED"** at the time of _**Their Plea- Agreement,**_ (T**he Supreme Court Also Congress** )"say" _(WILL APPLY)_

_**THE DATES OF THE ENACTMENT**_ FOR THE "ANTI TERRORISM AND EFFECTIVE DEATH PENALTY ACT" (AEDPA) _"SAY"_ ON OR AFTER NOVEMBER 29, 1990 AND BEFORE APRIL 24, 1996, AND UNDER A" _PLEA BARGAIN"_

SECTION 212(c) _AS IT EXISTED_ PRIOR TO (AEDPA) _WILL APPLY._ THUS, THE APPLICANT MUST HAVE SERVED A TERM OF _LESS THAN FIVE YEARS_ IMPRISONMENT, IF THE CONVICTION IS AN AGGRAVATED FELONY.

## It Is In this Context That Courts look to an alien's underlying criminal conviction to" _determine whether it falls within_"

(AEDPA) ENACTMENT OR (IIRIRA) ENACTMENT

_P.1_

_9th,Cir. Case.# 16-73407_

## CRISTOBAL RAMOS QUIROZ / PRO-SE

## A#028711856

## 3.

## Statement of the case

*The defendant was convicted in 1994 under a _plea bargain_,* *which the defendant was sentence to 6*

*months and 5 years suspended  sentence ,* *in Aug. 5, 1996 the defendant violated his probation,*

*serving 2, 1/2 years.  However, was* ***"release in 1999".*** *The Supreme Court and Congress dont have*

*rulings under plea bargains therefore it goes back to the* ***underly crime when the respondent was***

***original convicted***   *IN 1994 THEIR FORE    UNDER THE (AEDPA) ENACTMENT OF 1994*

**APPLICANT MUST HAVE SERVED A TERM OF** **_LESS THAN FIVE YEARS_**

IF THE APPLICANT SERVED MORE THAN FIVE YEARS HE WAS "NOT ELIGIBLE"

**However, In 1999, The defendant was unlawfully Deported** **UNDER A HUMANITY ERROR** **, If**

The Respondent was given an opportunity to file for 212(c) discretionary relief or some other form of

discretionary relief, then **the respondent had a reasonable possibility of relief being granted,**

"R**_endering" That Prior Proceeding A Violation Of Due Process._**

**The respondent originally conviction was in April 14,1994** Therefore, It  falls under The Amedment

Of **(AEDPA)** Enactment IN 1994 " NOT THE" ( IIRIRA ) ENACTMENT **WHICH THE**

**DEFENDANT WAS DEPORTED FOR,  SECTION 212(C)** _AS IT EXISTED_ **PRIOR TO**

**(AEDPA)** **WILL APPLY.** **THUS, THE APPLICANT MUST HAVE SERVED A TERM OF LESS**

**THAN FIVE YEARS IMPRISONMENT, IF THE CONVICTION IS AN AGGRAVATED**

**FELONY.**

**_IF SERVED MORE THEN FIVE YEARS THE DEFENDANT IS NOT EILGIBLE._**          *p.2*

*9th Cir. Case.# 16-73407*

*CRISTOBAL RAMOS QUIROZ/ PRO-SE*

*A#028711856*

*ON THE OTHER HAND, IN THIS CASE, **WHERE THE DEFENDANT SIMPLY SHOULD NOT HAVE BEEN DEPORTED** BECAUSE THE LAW DID NOT **PERMIT DEPORTATIONS UNDER (AEDPA) ENACTMENT, IN 1994 WHERE THE RESPONDENT WAS ELIGIBLE FOR 212(c)** OR WHERE **THERE IS A DUE PROCESS DEFECTED SUCH AS LACK OF NOTICES, AND A HUMANITY ERROR***

***The IIRIRA definition significantly changed** prior law in a number of ways. "For example", under prior law, if a **person violated the terms of probation or failed to comply with the requirements** of the courts order, but there were further proceedings regarding **the persons guilt or innocence** , The Supreme Court Haves No Ruling Under Plea Bargain **"Therefore,"** back to **The Underly Crime When The Respondent Was Originally Convicted.** IN (April 14, 1994)*

## Due Process Standards.

The Supreme Court has held that in order to satisfy due process, **a defendant must have the opportunity to deny or explain matter that is relied on in a capital sentencing proceeding.** Among the critical factors in making certain that the due process rights of a defendant in a capital case are protected is the guarantee of effective counsel. *Due process protections also must be incorporated into the overall procedures utilized in the penalty phase of a capital prosecution.*

*THE DEFENDANT HAD BEEN GIVEN AN OPPORTUNITY TO FILE FOR 212(c) DISCRETIONARY RELIEF OR SOME OTHER FORM OF DISCRETIONARY RELIEF, THEN HE HAD A REASONABLE POSSIBILITY OF RELIEF BEING GRANTED ,**RENDERING THAT PRIOR PROCEEDING A VIOLATION OF DUE PROCESS.***        *p.3*

*9th,Cir. Case.# 16-73407*

*CRISTOBAL RAMOS QUIROZ/ PRO-SE*

*A#028711856*

*Burden of Injecting The Issue :* The term" means "that the defendant must offer some competent Evidence relating to all matters subject to the Burden, except that the defendant may rely upon evidence presented by the prosecution in meeting the Burden.

## 4.

## THE ARGUMENT OF The Facts

## The Respondent Was Wrongfully Deported under The (IIRIRA) enactment of 1996 IMMIGRATION LAW

(IIRIRA) Lowered The **Five Year Sentence** thresholds To One Year. **In the Amendment Process** the sections of the ``Aggravated Felony" Definition that had previously **"Read,"** ``for which The Term of imprisonment **Is More Then Five Years**," W*ere Stricken And Replaced With,* ``for which The Term of imprisonment **[Is] At Least One Year** [sic]." Although The Issue of The Missing Verb has been Litigated, The Missing Verb is most likely ``**Is"**. Regardless, T**he Significant Act In Amending The Definition was To Simply Replace** The Word `*`Five''* with the word ``*One.*"

The respondent originally conviction was in **April 14,1994** Therefore, It falls under "**The Amedment** of **(AEDPA) Enactment 1994** SECTION 212(C) *AS IT EXISTED* PRIOR TO (AEDPA)" UNDERLINE WILL APPLY." THUS, THE APPLICANT MUST HAVE SERVED A TERM OF LESS THAN FIVE YEARS IMPRISONMENT, IF THE CONVICTION IS AN AGGRAVATED FELONY. IF SERVED MORE THEN FIVE YEARS THE DEFENDANT IS" *NOT ELIGIBLE."*

p.4

**_9th, Cir. Case.# 16-73407_**

*CRISTOBAL RAMOS QUIROZ / PRO-SE*

*A#028711856*

*THIS CASES HOLD THAT AN IMMIGRATION JUDGE "**FAILURE**" TO INFORM THE*

***RESPONDENT** OF HIS RIGHT TO APPLY FOR <u>DISCRETIONARY RELIEF</u> "ALSO" <u>**A**_</u>*

<u>***HUMANITY ERROR HAPPEN***</u>

***THE ATTORNEY GENERAL POSSESSED THE AUTHORITY*** *UNDER 212(c) OF THE*

<u>*IMMIGRATION AND NATIONALITY ACT*</u> *("ACT")* ***TO <u>GRANT</u> DISCRETIONARY WAIVERS*** *OF*

*DEPORTATION <u>TO ALIENS WHO MET CERTAIN CRITERIA. UNDER (**AEDPA**)</u> PLACED NEW*

*LIMITS ON THIS AUTHORITY IN 1996, AND (IIRIA) REPEALED 212(c)ALTOGETHER,*

*EFFECTIVE, APRIL 1997.*

***(IIRIRA)*** *Elimination of 212(c) relief for people who entered into Plea Agreements expecting that*

*they would be eligible for such relief clearly attaches a new disability to past transactions or*

*considerations. Plea agreements involve a quid pro quo between a criminal defendant and the*

*government, and there is little doubt that alien defendants considering whether to enter into such*

*agreements are acutely aware of their convictions' immigration consequences. The potential for*

*unfairness to people like St. Cyr is significant and manifest. Now that prosecutors have received the*

*benefit of plea agreements, facilitated by the aliens' belief in their continued eligibility for 212(c)*

*relief, it would be contrary to considerations of fair notice, reasonable reliance, and settled*

*expectations to hold that IIRIRA deprives them of any possibility of such relief. INS v. St. Cyr, Id.at 291.*

**p.5**

1/28/20

# UNITED STATES DEPARTMENT OF JUSTICE
# EXECUTIVE OFFICE OF IMMIGRATION REVIEW
# UNITED STATES IMMIGRATION COURT
# ADELANTO, CALIFORNIA

IN THE MATTER OF :                )
CRISTOBAL RAMOS QUIROZ  )
A.K.A.CRISTOBAL VARELA       )
    plaintiff                        )
         v.                      )
Adelanto Immigration court       )
    Defendant                    )

case. A# 028711856

MOTION TO:DISMISS DUE TO A
VIOLATION OF MY DUE PROCESS
REMEDIES EXHAUSTED, AND TERMINATED
28 U.S.C. 2247, 8 U.S.C. 1182

PETITIONER; **SEEKING REINSTATEMENT OF HIS LAWFUL PERMANENT RESIDENT STATUS.**
DUE TO A( MISTAKE IN THE LAW) FROM A IMMIGRATION JUDGE , FROM 1999.

Petitioner is a native of Mexico brought to the United States when petitioner was only 6 months old, petitioner is now 52 years old. For some odd reason, the petitioner never knew why his father name him Cristobal Varela when he was brought to the United States, all his life the petitioner was name Cristobal Varela, Petitioner went to preschool in Los Angeles ,Ca. under the name Cristobal Varela, all his school records are under the name Cristobal Varela. Criminal Records are also under, Cristobal Varela, (California D.L#C3951307), is under Cristobal Varela, Social Security,#568 33 6995 is under Cristobal Varela, Cristobal Varela also enlisted in the Selective Service System # 68-0027480-2 for the Military in 02/14/1986, petitioner first born son was born 04/08/1986,with the name Cristo Cristobal Varela,born in the United States ,was marred to Alice Rosales ,in 1992 then she became, Alice Varela, petitioner wife is an America citizen, In 1994 petitioner was convicted for California Penal code, 273.5(a) ,P.C.245(a) (1) ,.petitioner was sentence to a plea bargain in 1994, 1year county jail and 4 ,years joint suspended was the plea agreement at the time of the conviction petitioner conviction was not deportable at the time, petitioner violated his probation in 1996,and was sent to prison .release in 1998 from prison, the Immigration laws change a new legislation went into effect. The federal Government modify,by lowering the five year sentence  to one year. In the amendment process the section of the "aggravated felony" definition that had previously read,if you do more then five years you are deported, for which the term of imprisonment is more then five years ,were stricken and replaced with , "for which the term of imprisonment [is] at least one year [sic] " is" regardless the significant Act in amending the definition was to simply replace the word "five" with the word "one" . I have children that were born in California , at the time

## SECTION 337, NOTE 1 SUPPORT OF DEMONSTRATION PROJECT
Act Sept. 30 , 1996 , P .L . 104-208 , Div C , Title VI , Subtitle D ,p.c.647 , 100 Stat.. 3009- 710 , provides:Added by Sec . 350 , illegal immigration Reform and immigrant Responsibility Act of 1996 (IIRAIRA) ,Pub .l. No. 104-208 ,110 Stat. 3009. , effective for "conviction ,or violations court orders , occurring after the date of the enactment of [IIRAIRA; enacted Sept.30 ,1996] ." in this par .(E) ,so added by IIRAIRA sec. 350 ,the word "admission" in subpars. (I) and (ii) was originally "entry"; the word was change to "admission " pursuant to IIRAIRA sec. 308 (f) (1) (N) .
**Congress added a new law for deportation on or after Sept. 30 1996**, and it was ,"DOMESICT VIOLENCE *"in 1998 petitioner was release from prison"* and a new Legislation was in effect. Department of homeland security put an Immigration hold on petitioner  the day of his release, petitioner was sent to San Pedro Immigration Detention Center 1998 an Immigration Judge deported petitioner under the new legislation law which was if you do more then 365 day in jail and is a aggravated felony you are order deported .Immigration Judge in 1999  never gave petitioner, any opportunity for a relief **,Immigration judge just deported petitioner under the new legislation law**.

**CRISTOBAL RAMOS QUIROZ**
**A.K.A. CRISTOBAL VARELA**
**A# 028711856**
**PRO -SE**

**"THE NEW LEGISLATION WENT INTO EFFECT ,THE NEW LEGISLATION DID NOT APPLY TO ME."**

The supreme Court and congress don't have ruling under **"plea bargains and probation violation"** therefore THE IMMIGRATION JUDGE MUST GO back to the **underline crime** when the petitioner was "original convicted of his *plea-agreement in 1994,* therefore there was a **mistake in the law** ,violating petitioner rights, due process and 7[th] amendment 14[th] amendment

SECTION 350 .*OFFENSES OF DOMESTIC VIOLENCE AND STALKING AS GROUND FOR DEPORTATION*
*ADDS CRIMES OF DOMESICT VIOLENCE ,STALKING ,CHIL ABUSE , CHILD NEGLECT ,OR CHIL ABANDONMENT AS GROUNDS OF DEPORTABILITY. ALSO ADDS VILOATION OF A PROTECTIVE ORDER AS A GROUND OF DEPORTABILITY. APPLIES TO CONVICTION OR VIOLATION OF COURT ORDERS OCCURRING; "AFTER SEPTEMBER 30, 1996.";*

*SECTION 358 .EFFECTIVE DATE*
*MAKES THE AMENDMENT IN THIS SUBTITLE EFFECTIVE AS IF INCLUDED THE AEDPA.*

This action arises under the constitution of the United States, and the Immigration and Nationality Act "(INA)", 8 U.S.C. 1101et seq, as amended by the illegal Immigration Reform and Immigration Responsibility act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 1570, and the administrative Procedure Act (APA), 5 U.S.C. 701 et seq. This court has jurisdiction under 28 U.S.C. 2241; ART .I9, C1. 2 OF The United States constitution (suspension Clause); and 28 U.S.C. 1331, as petitioner is presently in custody under color of the authority of the united states ,and such custody is in violation of the constitution, laws or treaties of the united states .This court may grant relief pursuant to 28 U.S.C.2241 ,5 U.S.C.  702, AND THE all writs Act ,28 U.S.C. 1651,.*PETITIONER HAS EXHAUSTED ANY AND ALL ADMINISTRATIVE REMEDIES* to the extent required by law . Violating Petitioners rights to procedural due process,The petitioner asks respectfully that this court to grant the following relief:

1.) ASSUME JURISDICTION OVER THIS MATTER;

2.) GRANT PETITIONER A WRIT OF HABEAS CORPUS ,DIRECTING THE RESPONDENT TO IMMEDIATELY RELEASE , PETITIONER FROM CUSTODY;

3.) AWARD PETITIONER ATTORNEYS FEE AND COST UNDER THE EQUAL ACCESS TO JUSTICE ACT (EAJA) AS AMENDED ,5 U.S.C. p. c .504 AND U.S.C. 2412 ,AND ON ANY OTHER BASIS JUSTIFIED UNDER LAW ; AND GRANT ANY OTHER AND FURTHER RELIEFS THAT THE COURT DEEM JUST AND PROPER.

I,the undersigned, do hereby declare under penalty of perjury under the laws of the state of California that the matter stated in this MOTION are with my own personal knowledge .except as otherwise stated ,i called as a witness I could and would competently testify thereto;28 U.S.C.2247,

*CRISTOBAL RAMOS QUIROZ*
*A.K.A. CRISTOBAL VARELA*
*A#028711856*
*PRO-SE*

1.

## STATEMENT OF THE CASE.

*THERE WAS A MISTAKE IN THE LAW* WE NEED TO *FIX THE MISTAKE IN THE LAW BEFORE WE MOVE ANY FURTHER AND STOP MAKING THAT SAME MISTAKE* IN THE LAW

1.) **THE IMMIGRATION DID NOT GO BY THE UNDERLINE CRIME**
**UNDERLINE CRIME; "MEANS"** when petition was first convicted,thats was 1994.
a.) *At the time ,congress and the supreme court didn't have ruling under plea-bargain and probation violation,therefore you must go back to when the petition was first convicted*

2.) **WRONGFULLY DEPORTED PETITION CRISTOBAL RAMOS QUIROZ,A.K.A.**
**CRISTOBAL VARELA**
a.) NO BURDEN ON THE DEFENSE;**"MEANS"**
*Thanks to the presumption of innocence, there is no burden on the defense to prove its case.*

3.) **VIOLATING PETITIONER RIGHTS, DUE PROCESS BY WRONGFULLY DEPORTING**
**PETITIONER IN 1999**

4.) **PETITIONER CONVICTION DATE; 1994**

5.) **A NEW LEGISLATION WENT INTO EFFECT; SEPT. 30 1996**
 A.) *In 1996 PETITIONER VIOLATED HIS PROBATION*

6.) **PETITIONER WAS RELEASE FROM PRISON 1998;**
A.) A NEW LEGISLATION WENT INTO EFFECT ,THE NEW LEGISLATION DID NOT APPLY
TO ME.;*THEREFORE NO BURDEN ON THE DEFENSE* THE NEW LAW DIDNT APPLY TO ME

7.) **SECTION 274 A, NOTE 4 APPLICABILITY OF AMENDMENT MADE BY p.c. 411(a) OF**
**Act Sept. 30, 1996.**
Act Sept. 30 , 1996, P. L. 104-208, DIV C, TITLE IV, SUBTITLE B p.c. (b) 110 stat. 3009-666,
provide: "The amendment made by subsection (a)[adding subsec.(b) (6) of this section] shall apply to
failures occurring on or after the date of the enactment of this Act.".

8.) **CONGRESS ADDED A NEW CRIME TO DEPORTATION "DOMESTIC VIOLENCE"**
**DOMESTIC VIOLENCE**; ground at 8 U.S.C. 1227 (a) (2) (E). The conviction ,or the conduct that
violated the protective order, *must have occurred after admission on or after "Sept. 30, 1996"*

9.) **APPROPRIATE DATES OF THE "UNDERLINE CRIME"**
a.) *petitioner was convicted 1994 under a plea bargain ,*
 b.) *violated his probation in 1996*
c.) **We conclude that the Immigration Judge violated the plain requirements of** *The American court*

CRISTOBAL RAMOS QUIROZ
A.K.A.CRISTOBAL VARELA
A#028711856
<u>PRO-SE</u>

## <u>THE NEW LEGISLATION WENT INTO EFFECT , THE NEW LEGISLATION DID NOT APPLY TO ME:</u>

**Fed . R . Evid. (609 (b)**
<u>RULE</u>  609 (b)"s *guide to exactly what is "meant" by ten years is as follows*:
if a period of more then ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction , whichever is the date ...UNITED STATES V. TUTINO, 883 F. 1125 (2d Cir 1989) **PETITIONER WAS CONVICTED MAY 1, 2000, PERSENT DATE FROM TO DATE IS  Jan. 30, 2020**

*IN 2017 Department of homeland security added a new charge to petitioner* ,"see id; "California Federal Rule 609 (b);" which was a possession HSC 11377,a felony but in 2001, a new law came into effect p.c. 2L1.2(b) (1) (c). 8 U.S.C. 1182
First application note 1, defining "drug trafficking offense", facially limits its reach . The application note says that it is to be used "for purposes of subsection (b) (1)". it does not claim to have any force for the purposes of 8 U .S .C. p. c. 1101 (a) (43) (B). thus, application note 1"s definition applies to the use of "drug trafficking offense" only when that term appears verbatim with the text of the guideline itself, namely in U.S.S.G. p. c. 2L1.2 (b) (1) (A), (B)and (E). Second, a fundamental canon of statutory interpretation hold that, when there is an apparent conflict between a specific provision and a more general one, the more specific one governs, regardless of the priority of the provision enactment . **Cal. Ex rel .Sacramento Metro. Air Quality Mgmt. Dist. v. United States,** 215 F .3d 1005, 1013 (9th Cir.

2000). Application note 1 states that its definition of "drug trafficking offense" applies to all of subsection (b) (1). U. S. S. G. p.c. 2L1.2, cmt..n. 1. Under that application note , **simple possession is not a drug- trafficking offense. Petitioner prior conviction back in may 1, 2000 HSC 11377 was not a "drug trafficking offense"and there for an aggravated felony under the new 2001 version of p.c. 2L1.2(b) (1) (c)  IS NOT AND <u>aggravated felony</u>   ( <u>see id</u> ). The United States court of Appeals for the Fifth Circuit affirmed.**

<u>A new Federal law came into effect</u>  : *if their a change of the law that benefits a petitioner then the new law will apply 28 U.S.C.2247*

**281 F .3d at 904 . Simple possession is not a felony under federal law .UNITED STATES V. HINOJOSA-LOPEZ , 130 F.3D 691,693 (5TH Cir. 1997).**

**Although petitioner wants to set aside the new added charge cause there was a mistake in the law when Immigration judge  deported petitioner back in 1999. when the petitioner should of not been deported. 8 U. S. C. 1182 . depriving petitioner from his rights, violating petitioner due process,**
## <u>We need to fix the mistake in the law before we move any further , 28 U.S.C.2247</u>

**CRISTOBAL RAMOS QUIROZ**
**A.K.A.CRISTOBAL VARELA**
**A#028711856**
**PRO-SE**

petitioner complaint that he was wrongfully deported from the United States after being release from custody from state prison in 1999 on a plea-bargain; the courts lacks jurisdiction to this matter to review a removal order under 8 U.S.C. 1252; The court lacks substantial background information on the events leading to the filling of the complaint due to the complaint brevity and a lack of support.

## DEFINITION OF DUE PROCESS

1.) Clause included in the Fifth and Fourteenth Amendment to the United States Constitution ensuring that" *no person is deprived of his life, liberty, or property* ", without due process of law.

## IMMIGRATION JUDGE AND THE PROSECUTOR;

## VIOLATED PETITONERS;PROHIBITION AGAINST VAGUE LAWS:

2.) The due Process Clause protects citizen against laws that are too "vague" for the average person to understand, if the laws are written in such a manner that an ordinary person cannot determine whether the conduct is expressly prohibited, or that a punishment can be rendered if they carry out the conduct , the court can determine the law to be "void" for vagueness ."*This prohibition against vague laws ensures that the laws are understandable and that ignorance cannot be used as a defense in criminal offenses.*"

**p.c. (1258:) <u>JUDGEMENT UPON APPEAL:</u>**

**(1258:)** *After hearing the appeal, the court must give judgment without regard to technical errors or defects , or to exception which do not affect the substantial rights of the parties,*

**(1404:)** *Errors and mistakes in pleading and other proceedings*

**(1404:)** *Neither a departure from the form or mode prescribed by this code in respect to any pleading or proceeding , nor an error or mistake therein . Renders it invalid unless I has actually prejudiced the defendant, or tended to his prejudice in respect to a substantial right.*

CRISTOBAL RAMOS QUIROZ
A.K.A.CRISTOBAL VARELA
A#028711856
*PRO-SE*

## ***DOUBLE JERPARDY***

1.) VIOLATING: PETITIONERS FIFTH AMENDMENT ;
The Fifth Amendment protects people from being tried for the same crime twice , and specifies that no person can be compelled to testify against himself.
2.) seventh Amendment ; ensures an individual's specific right to a fair trial
3.) Ratify; To sign or give consent making something such as a law or Amendment officially valid.

## Where their was a mistake in the law committed twice

petitioner was wrongfully deported in 1999, petitioner return  to the United States ,was arrested for a possession charge "11377" in 2000 was release to immigration 2001. A federal Judge sentence petitioner for an illegal reentry for his first reentry 77 months, violating petitioner rights , due process  **VAGUE LAW;**

## THE FEDERAL JUDGE, PROSECUTOR, AND THE FEDERAL PUBLIC DEFENDER FROM THE EASTERN DISTRICT COURT FROM FRESNO;

Petitioner  objects to the inclusion of the presentence report stating, there are no facts set forth on the collateral attacks of the underlying removal proceeding, **where there was a mistake in the law .The Immigration judge did not go by the "underlying crime",and petitioner was wrongfully deported** collateral attack of the underlying removal proceeding ;where there was one mistake in the law "now where there's a "second" mistake in the law committed twice. The district court Convicting Cristobal Ramos Quiroz 77 months for his first and  only deportation " for the wrongful deportation the Immigration Judge made" .

**Section 954, Authorizing charging of two or more offenses in separate courts of same accusatory pleading , and this section must be construed so as to give effect to both,see People v. Tideman ( Cal. App27,1962)**

**violated petitioners rights,** by prohibiting multiple punishment for single criminal Act p.c. 654, afforded protection beyond and different from that given by either constitutional proscription of subsequent jeopardy under Cal Const. Art I, p .c. 13, (similar to present Cal Const. Art I, p. c. 7, p .c. 15, or implementation of that document by this section people v. Tideman, people v. Sturdy (Cal. App 1st Dist. June 23 ,1965)

THE POLICY UNDERLYING  P.C. 1023
**WHICH CODIFIES THE CONSTITUTIONAL PROHIBITION AGAINST DOUBLE JEOPARDY(CAL.CONST. ART I,P.C.15)** people v. Sidener (Cal. Oct.25, 1962)

However , under 8U.S.C. 1326 . Petitioner may collaterally attack the underlying removal order by showing **first exhaustion** of "any a*dministrative remedies that may have been available to seek relief against the order* ;" **second, that** "the deportation proceeding at which the order was issued improperly deprived the alien of the opportunity for judicial review;" and **third,** that " *the entry of the order was fundamentally unfair."8 U.S.C. 1326. An underlying removal order is fundamentally unfair if an aliens "due process rights were violated by defects in the underlying deportation proceeding,*" and if " he suffered prejudice as a result of the defects." UNITED STATES V. PALLARES-GALAN, 359 F .3d 1088, 1095 (9th Cir. 2004)

The Government bears the burden of proving valid motion for a dismissal in a collateral attack of the underlying removal proceeding . Lopez-Vasquez, 1F .3d at 753. We "indulge every reasonable presumption against motion," and do " not presume acquiescence in the loss of fundamental rights."moreover, "the due process inquiry focuses on whether [the defendant ] personally made a 'considered and intelligent' motion for a dismissal." UNITED

**CRISTOBAL RAMOS QUIROZ**
**A.K.A.CRISTOBAL VARELA**
**A#028711856**
**PRO-SE**

STATES V. Ubaldo- Figueroa, 364 F .3d 1042, 1049 n. 8 (9th Cir. 2004)
To prevail on a motion to dismiss an indictment on the basis of an {623 F .3d 684} alleged due process defect in an underlying deportation proceeding,petitioner must  not only establish that the defect in the deportation proceeding violated his due process rights, but also show that he suffered prejudice as a result of those defects . Ubaldo-Figuera, 364 F.3d at 1048. petitioner need not conclusively demonstrate that he or she would have received relief to show prejudice, but must show only that there were "plausible grounds for relief." UNITED STATES V. Gonzalez-Valerio, 342 F .3d 1051, 1054 (9th Cir. 2003).
Although we conclude that DHS violated petitioners rights to due process in the underlying deportation, and that the Immigration judge, district court and the federal Government violated its own regulation in doing so, we conclude that he suffer prejudice as a result.

**We conclude that the Immigration Judge violated the plain requirements of _The American court structure_**


## THE IMMIGRATION COURT  AND THE GOVERNMENT  VIOLATED THE FOLLOWING P.C.1.3 THE AMERICAN COURT STRUCTURE:

**1.)** THE FUNCTIONS OF THE TRIAL COURT ARE RECEIVING PROPER EVIDENCE,

**2.)** COMPILING A RECORD OF THE EVIDENCE INTRODUCED,

**3.)** DISPUTED FACTS FROM THE EVIDENCE INTRODUCE,

**4.)** APPLYING THE APPROPRIATE LAW TO THE FACTS, AND GRANTING APPROPRIATE RELIEF.


**5.)** THE FACT-FUNCTION OF A TRIAL CAN BE EXERCISED EITHER BY THE JURY, IF THE RIGHT TO JURY TRIAL EXISTS AND IS EXERCISED, OR BY THE JUDGE WHO THEN HAS TWO SEPARATE AND DISTINCT DUTIES:
FACT FINDING AND APPLYING THE PROPER LAW.

## *PROOF OF SERVICE BY MAIL*
### BY PERSON IN A FEDERAL DETENTION
(Fed. R . Cir. P.5; 28U.S.C.p.c. 1746)

I,CRISTOBAL RAMOS QUIROZ A# 028711856, A.K.A. CRISTOBAL VARELA ,The undersigned , certify and do declare that I am over the age of 18 years old , I am detained at ADELANTO DETENTION CENTER by DHS located in adelanto ,ca. And that I am a party to the attached foregoing cause of action . I did serve a true original and copy of this document:

By depositing it in the united states postal mail , located at adelanto ,ca. Detention center to the following persons;

BY:
( )FAX
( )HAND DELIVER
( X )MAILING
( )COMMERCIAL COURIER

OFFICE OF CHIEF COUNSEL,DHS
DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
ADELANTO, IMMIGRATION COURT
10400 RANCHO ROAD
ADELANTO,CALIFORNIA .92301

DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
ADELANTO, IMMIGRATION COURT ROOM# 5
10400 RANCHO ROAD
ADELANTO,CALIFORNIA, 92301

I,the undersigned, do hereby declare under penalty of perjury under the laws of the state of California that the matter stated in this declaration are with my own personal knowledge .except as otherwise stated ,i called as a witness I could and would competently testify thereto; 28U.S.C.1746,18 U.S.C. 1621;

Respectfully  Submitted

Date

QUIN DENVIR, Bar No. 49374
Federal Defender
ROBERT W. RAINWATER, Bar No. 67212
Assistant Federal Defender
2300 Tulare Street, Suite 330
Fresno, California 93721
Telephone: (559) 487-5561

Counsel for Defendant
CRISTOBAL RAMOS-QUIROZ

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,              )    No. CR-F-02-5179 REC
                                       )
              Plaintiff,               )    MOTION FOR DISCOVERY
                                       )    AND POINTS AND AUTHORITIES
       v.                              )
                                       )
CRISTOBAL RAMOS-QUIROZ,                )
       aka Christopher Verela          )
       aka Cristobal Quiroz Ramos      )
       aka Cristobal Varela            )
                                       )    DATE: July 8, 2002
                                       )    TIME: 9:00 a.m.
              Defendant.               )    DEPARTMENT: One
_____)    Honorable Robert E. Coyle

TO:    JOHN K. VINCENT, UNITED STATES ATTORNEY, AND WILLIAM L. SIMS,
       ASSISTANT UNITED STATES ATTORNEY, COUNSEL FOR PLAINTIFF:

       PLEASE TAKE NOTICE that on July 8, 2002, at 9:00 a.m., or as soon thereafter as the matter

can be heard in the Courtroom of the Honorable Robert E. Coyle, Senior United States District Judge

for the Eastern District of California, defendant, Cristobal Ramos-Quiroz, will move the Court for an

order directing the United States Attorney of the Eastern District of California to make available to the

defense for examination, inspection, and copying the following items that are in the actual or

constructive possession of the United States Attorney of the Eastern District of California or his

assistants, investigators, employees, or agents:

       1. All records and documents contained in the defendant's "A file," numbered A28 711 856

maintained by the Immigration and Naturalization Service.

1     2. The tape recordings of the hearings on his previous deportation proceedings, this includes a

2 hearing on or about February 9, 1999.

3     This motion is based upon the instant motion and notice of motion, the attached statement of

4 facts and memorandum of points and authorities, the files and records in the above-entitled cause, and

5 any and all other information that may be brought to the Court's attention before or during the hearing

6 on this motion.

7                                     **POINTS AND AUTHORITIES**

8     The defendant, Cristobal Ramos-Quiroz, requests disclosure of the material contained in his file

9 maintained by the Immigration and Naturalization Service and of the tape recording of his prior

10 deportation hearings.  Disclosure is necessary so that he may obtain favorable evidence for his defense

11 that he believes is contained therein.  The defendant is entitled to the evidence pursuant to *Brady v.*

12 *Maryland* (1963) 373 U.S. 83 and the Federal Rules of Criminal Procedure Rule 16(a)(1)(C).

13     The government has already provided the defendant partial discovery of his "A file" by allowing

14 his attorney informal discovery of a small portion of the file, selected by the government for counsels

15 review. The defendant hereby requests that he be allowed full review of the file to discover documents

16 that may show that the previous deportations of the defendant were invalid or for evidence that he was

17 granted permission to enter the United States.

18     For the foregoing reasons, the defendant respectfully requests that the Court compel the

19 production of discovery to include the contents of his "A file" and the tape recordings of his prior

20 deportation hearings.

21 Dated: June 24, 2002

22                                                                        Respectfully submitted,

23

24                                                                        Robert W. Rainwater

25                                                                        Assistant Federal Defender

26

27

28                                                 2

## **PROOF OF SERVICE BY MAIL**

UNITED STATES OF AMERICA,                )        CASE NO. CR-F-02-5179 REC
                                         )
                Plaintiff,               )
                                         )
        v.                               )
                                         )
CRISTOBAL RAMOS-QUIROZ,                  )
                                         )
                Defendant.               )
                                         )
_____  )

I am employed in the County of Fresno, State of California. I am over the age of 18 years and not a party to the within action; I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Post Office; the correspondence referenced below would be deposited with the United States Postal Service on the date of execution hereof in the ordinary course of business.

On the date of execution hereof, at my place of business, I served the foregoing described as

OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

on the parties to be noticed in said action, by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, for collection and mailing following ordinary business practices and addressed as follows for depositing with the United States Postal Service:

WILLIAM L. SIMS                          HUBERT L. ALVAREZ
Assistant U.S. Attorney                  Sr. U.S. Probation Officer
Federal Building, Room 3654              Federal Building, Room 1000
1130 O Street                            1130 O Street
Fresno, California 93721                 Fresno, CA 93721

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

EXECUTED on _11-8-02_ at Fresno, California.

_Betty A. Delaney_
Betty A. Delaney

Count One as this was the United States Attorney's policy at that time. In light of the tens of others who are similarly situated to Mr. Ramos-Quiroz who received 6 month sentences under the previous policies it is hard to justify a 77 month sentence in his case.

Dated:  November 8, 2002

Respectfully submitted,

QUIN DENVIR
Federal Defender

ROBERT W. RAINWATER
Assistant Federal Defender
Attorney for Defendant
EDUARDO MARQUEZ

3

## PROOF OF SERVICE - HAND DELIVERY

| | |
|---|---|
| UNITED STATES OF AMERICA ) | NO. CR-F-02-5179 REC |
| *Plaintiff,* ) | |
| v. ) | |
| CRISTOBAL RAMOS-QUIROZ, ) | |
| aka Christopher Verela ) | |
| aka Cristobal Quiroz Ramos ) | |
| aka Cristobal Varela ) | |
| *Defendant.* ) | |

The undersigned hereby certifies that she is an employee in the Office of the Federal Defender for the Eastern District of California and is a person of such age and discretion as to be competent to serve papers.

On June 24, 2002, she caused a copy of the original of the attached

MOTION FOR DISCOVERY AND POINTS AND AUTHORITIES

to be personally served on the following named person at the address stated by leaving a copy of said document with the person in charge

> JOHN K. VINCENT
> United States Attorney
> WILLIAM L. SIMS
> Assistant U.S. Attorney
> Federal Building, Room 3654
> 1130 "O" Street
> Fresno, CA 93721

DATED: June _24_, 2002

/s/
Connie Garcia

Sun Java System Communications Express - Please View Frame 1          Page 1 of 1

From PLEASE DO NOT REPLY OR SEND MAIL TO THIS ADDRESS <Appprocessorsystem@doj.ca.gov>
Sent Tuesday, November 14, 2017 4:38 pm
To a14390@smss.doj.ca.gov
Subject APP: CALIFORNIA - VARELA, CRISTOBAL - CADOJ (.20171114163755_24:100797.)

STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE
Bureau of Criminal Information and Analysis
P.O. Box 903417
Sacramento, CA 94203-4170


DATE: 11/14/2017


CACBRIVERSIDE IHSS PA
12125 DAY STREET SUITE S 101
MORENO VALLEY CA 92557


* * * * * * * * * * CA DELAY NOTIFICATION * * * * * * * * * *

RE: This is to notify you of a delay in completing the following applicant transaction.

APP ORI:          AD317
APP NAME:         CRISTOBAL VARELA
APP TYPE:         ELDER CARE
APP TITLE:        IHSS PROVIDER
APP SERVICE REQUESTED: CA/
OCA:
SID:              A007695649
DOB:              01/14/1968
SSN:              568336995
CDL:              C3951307
ATI:              G318VAC096
OATI:
DATE SUBMITTED:   11/14/2017
SCN #:            LH5K3180010

APP ADDRESS:      1109 MAKO LANE PERRIS CA 92571

****
THIS BACKGROUND CHECK REQUIRES MANUAL INTERVENTION AND WILL TAKE TIME TO
COMPLETE. QUESTIONS RELATED TO THE DELAY (THAT CAN BE CAUSED BY MANY FACTORS)
CANNOT BE RESPONDED TO AS THERE IS NO PERTINENT INFORMATION THAT CAN BE
STATUTORILY PROVIDED TO YOU UNTIL THE REVIEW OF ALL RELEVANT INFORMATION IS
COMPLETE.

** DO NOT HAVE THE APPLICANT CONTACT THE DOJ ABOUT THEIR BACKGROUND CHECK.
   THE DOJ CANNOT PROVIDE THE APPLICANT WITH ANY INFORMATION.

Electronic Response Code: 14390
E-mail Address:      A14390@SMSS.DOJ.CA.GOV

(15)

DMV RECORD FOR LAW ENFORCEMENT USE ONLY
DL/NO:C3951307*B/D:01-14-1968*NAME:VARELA CRISTOBAL*
RES/ADDR: AS OF 01-16-96:16600 DOWNEY AVE SP 53 PARAMOUNT 90723*
OTH/ADDR AS OF 11-05-92:16600 DOWNEY AVENUE 53 PARAMOUNT *
AKA:VARELA CRESTOBAL*
IDENTIFYING INFORMATION:
SEX:MALE*HAIR:BLACK*EYES:BRN*HT:5-08*WT:150*
ID CARD MLD:02-02-96*EXPIRES:01-14-02*BATES:MAG*
LIC/ISS:01-24-95*EXPIRES:01-14-98*CLASS:C NON-COMMERCIAL*
ENDORSEMENTS:NONE*
LATEST APP:
DL TYPE:ID CARD*ISS/DATE: 01-16-96*OFFICE: BFL*
LICENSE STATUS:
EXPIRED*
DEPARTMENTAL ACTIONS:
NONE
CONVICTIONS:
NONE
FAILURES TO APPEAR:
NONE
ACCIDENTS:
NONE
END



# LADIES OF THE IE FOR STRONG COMMUNITIES, INC.

UPLAND, CA. 91786 ✦ 909.232.2813 ✦ INFO@LADIESOFTHEIE.ORG ✦ WWW.LADIESOFTHEIE.ORG

*Part; 6*
*#1*

To: Honorable Judge                                    Date: March 4, 2019

From: Christy Mac; Ladies of the IE for Strong Communities, Inc.

Sub: Letter of Recommendation
Re: Cristobal Ramos Quiroz

Good Afternoon Your Honor,

My name is Christy Mac and I am the Founder and Executive Director of Ladies of the IE for Strong Communities Inc. Our organization in partnership with another non-profit operate 3 transitional homes in the Inland Empire.

Cristobal is a resident at TLC2 which is one of our transitional homes. He is a model resident that goes above and beyond help his fellow residents, volunteer at the food bank, and drives other residents to various appointments using the house va He is very adamant about getting his life back on track.

In his spare time he looks for work, cleans the house beyond his assigned chores, and cooks for the house. In regards to h program tasks he has completed almost everything to date with the exception of a few items which he is actively working o All the above are examples of why we consider him a model resident.

His biggest problem so far is gaining employment even though he is diligent in his job search. When employers see or lean of his ankle monitoring bracelet they turn him down. I have no doubt he is capable of finding and maintaining full time employment if that was not an issue.

I don't know the details of his case or the reasoning of the ankle monitoring bracelet. If there is no other option at the prese time I understand. However, if there is an option to have the ankle monitoring bracelet removed I believe that would be the best option in order for Cristobal to be successful and reach his goals in getting back on his feet.

If you would like to know more about our program and the details of Cristobal's participation and progress, feel free to contact me anytime using the contact info listed below. Thank you for your time and consideration and have a Blessed day.

You can reach us at 909-232-2813 / christy@ladiesoftheie.org.

Sincerely,

*Christy Mac*

**Christy Mac**
Director / President
Ladies of the IE for Strong Communities, Inc.
Christy@ladiesoftheie.org
909-232-2813 Cell
www.facebook.com/LadiesOfTheIE
www.ladiesoftheie.org

*"If it matters to the community then it matters to us!"*



CITY OF
RIVERSIDE

Date: 10/11/2018

To the: Department of Homeland Security,

This letter is to confirm that Mr. Cristobal Varela is currently working and assisting the City of Riverside's Homeless Access Center with maintenance services.  He is being compensated for his services.  As Mr. Varela has been reliable, consistent and competent in preforming the duties assigned.

Mr. Varela is also on our permanent housing list and is currently placed in temporary housing as he seeking permanent housing.

Thank You,

Tamika Lockley - BA

Homeless Outreach Specialist
City of Riverside
951-826-3933
TLockley@riversideca.gov





## Bank of America

P.O. Box 15284
Wilmington, DE 19850

CRISTOBAL VARELA
1109 MAKO LN
PERRIS, CA 92571-4925

**Customer service information**

🔊 Customer service: 1.800.432.1000

TDD/TTY users only: 1.800.288.4408

En Español: 1.800.688.6086

🔗 bankofamerica.com

✉ Bank of America, N.A.
P.O. Box 25118
Tampa, FL 33622-5118

# Your BofA Core Checking

for August 22, 2017 to September 19, 2017

Account number: 3250 9140 5661

**CRISTOBAL VARELA**

## Account summary

| | |
|---|---:|
| Beginning balance on August 22, 2017 | -$1.12 |
| Deposits and other additions | 0.00 |
| Withdrawals and other subtractions | -0.00 |
| Checks | -0.00 |
| Service fees | -12.00 |
| **Ending balance on September 19, 2017** | **-$13.12** |

Celebrate 20 years of Museums on Us®. During the first full weekend of every month, just show your Bank of America® credit card and a photo ID for one free general admission to more than 175 cultural institutions. Learn more at bankofamerica.com/artsonus.



## THE VIETNAM WAR

A 10-part, 18-hour landmark event
Check your local listings for times

 PBS

Did you specially sign off to phone and politics? Join our network. Join our photos and apps that make a day happen to chat as a baby, a great update, lesson to both.

#betterconnected

**bankofamerica.com/vietnamwar**

2017 Bank of America Corporation          SSM 07-17-0118 A | ARDM FVW

**Name:**   Central City Lutheran Mission

**Type:**   Housing

**Address:**

1354 N G St

San Bernardino, CA 92401

**Phone:**   1 (909) 381-6921

**Accessed:**        Pending

**Assignment Date:**        08/14/2018

**Instructions:**

The Participant was instructed to follow up regarding placement.

**Notes:**

COMMUNITY REFERRAL / Central City Lutheran Mission:

On 08/14/18, During office visit CS inquired about P's wellbeing . P states he does not have a stable home . CS inquired about community referrals and P stated he wasn't too sure about shelters. Case Specialist (CS) Saenz asked the Participant if she could assist by providing a Community Referral to a facility that would possibly assist with his shelter needs.

REFERRAL: Case Specialist (CS) Saenz asked the Participant if she could assist by providing a Community Referral to Central City Lutheran Mission where needs could possibly be low/free of cost. The Participant acknowledged.

REFERRAL PROVIDED:

The Participant was provided with:  Central City Lutheran Mission:

OUTCOME: Follow up will be made at next face to face :08/28/18

x _____

Participant

_____

ISCS

_____      9.11.2018.

Date

_____      9.11.2018.

Date

| Participant | ISCS | Date Reviewed |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

_____/_____/_____   _____   VALEN   CISABY
          Date                 Client Track ID   Last Name, First Name

## Rules and Procedures (posted on Bulletin Board)

<u>Critical Rules for Conduct:</u> failure to comply results in immediate expulsion. Client and belongings must leave immediately, Police will be contacted if necessary.

- No drugs or alcohol on any LSS/CCLM property
- No disrupting any safety protocols or shelter operation
- No weapons (knives, other potential weapons or tools must be placed in the lockers prior to checking in. (knife must meet law size)
- No violence, threats of violence, intimidation, provoking or lewd acts/behavior.
- No "Hate Speech." Any offensive language or acts used towards a specific person/group of people based on race, culture, gender, religion, sexual orientation or other designations.

<u>Rules for Conduct:</u> Failure to comply will result in one warning followed by request to leave for night & meeting with case management

- Only shelter clients are allowed in the shelter, NO GUEST ALLOWED.
- Failure to sign in will be recorded as an absence.
- Multiple nightly absences or missed appointments will cause exit to program
- Income verification must be provided within 10 days of intake or will result in shelter exit
- No leaving gated area after signing in. If you leave you will not be allowed back in that night.
- Cigarette smoking is allowed only in designated areas and trash must be properly discarded.
- Curfew: 9:00 pm, doors will be locked, arrival after that time requires preapproval from case management. Must call prior to 6:00 pm
- Employed Client Curfew: 11:00 pm with verified schedule. CCLM cannot accommodate schedules requiring arrival after 11:00 pm.
- New Client Check-in: 6:00 pm and must complete entire check-in process (please see posted signs)
- Shopping carts, Luggage, and large bags are not permitted on the property.
- Personal belongings must be dried in dryer and must fit into 1 large tub provided by CCLM
- Beds space will be assigned, ALL client must reside in their assigned space and space subject to change.
- All clients must complete the metal detector process, remove all belongings as requested and follow RV Instructions.
- Shelter residents are not to be on CCLM property between the hours of 7:30 a.m. and 7:00 p.m. _Except during the following: Scheduled appointments, Walk-in Services (during walk-in hours only), community activities (community meal on Tuesdays, Thursdays and Fridays at noon, computer lab Tuesday, Thursday and Fridays 1 pm to 3 pm). Other exceptions may be granted by Case Management, Management Staff or Area Director._
- The following are restricted areas: all CCLM residential house, CCLM classrooms, thrift store (during non-thrift hours). Exceptions may be granted by the Case Management, Management S_ _ _ _ _rea Director.
- Belongings not stored in tub or removed from the locker, after check out or during day, will be discarded. Belongings that do not fit in the tub and left in the shelter during the day will be discarded.
- CCLM does not advise leaving valuables such as computers and cell phones unattended in the shelter. CCLM is not liable for any theft or damages of personal property, including items in the locker.
- Quiet time begins at 10:30 p.m. All radios are to be turned off, electronic devices (e.g. phones, computers) silenced and screens off, and all conversations in a low voice.
- If you need your belongings from the locker early, place your name and the time you need your belongings on the white board, otherwise you will not have access until 5:00 am.
- All people - clients, resident volunteers, volunteers, community members and staff - are to be treated with respect and dignity. Instructions from the Resident Volunteers, Case Managers and staff are to be obeyed. Grievances can be brought to the attention of the Case Management and Area Director.
- With the exception of capped water bottles with only water in them, food and drink are not permitted in the sanctuary.
- Clients are not to interact with students in the after school program.

<u>Guidelines and Other Information</u>

- Meals are served: Monday-Saturday: Breakfast between 6:30 a.m. and 7:30 a.m.; Dinner between 7:15 p.m. and 7:45 p.m. Sunday: Breakfast between 6:30 am and 7:30 pm and dinner around 6pm after 5pm worship.
- Showers: The maximum shower time is 10 minutes. Priority in morning are given to clients who are employed or students.
  - Morning- Employed clients sign up 4:30 am t   .00 am
  - Morning- All others: clients sign up 5:00 am to 5:30 am
  - Night- All clients: sign up 7:00 pm to 7:30 pm

I have read and I understand the rules. I understand failure to comply can result in expulsion and immediate removal from property. I understand I stop attending and do not return for my belongings it will be discarded 3 days after my Exit from Shelter.

_____          11/28/2018
Client's Signature                        Date

Hasler
01/29/2020
US POSTAGE $008.70⁹
ZIP 92301
011E11680815

Cristobal Ramos Quiroz
A#03287/1856

Adelanto ICE Processing Center

10250 Rancho Rd.

Adelanto, CA 92301

legal mail

RECEIVED
CLERK, U.S. DISTRICT COURT

JAN 31 2020

CENTRAL DISTRICT OF CALIFORNIA
BY                         DEPUTY

Clerk's office

United States District court
Central District of California
255 East temple st. suite, TS-134
Los Angeles, California 90012
Attention: Pro se clerk